Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ et. al.<br><br>        Plaintiffs/Appellants,<br><br>    vs.<br><br>PAUL J. SULLA, JR. et. al.<br><br>        Defendants/Appellees. | Civil No. 16-00549-DKW-KSC<br><br>**APPELLEES' MOTION TO DISMISS; DECLARATIO OF PAUL J. SULLA, JR.; CERTIFICATE OF SERVICE** |

## <u>APPELLEES' MOTION TO DISMISS</u>

Defendant/ Appellee Paul J. Sulla, Jr., Attorney at Law, individually and as a professional corporation ("Appellee"), hereby moves this honorable court to dismiss this appeal because:

1)      the Notice of Appeal is unclear; as it pertains to the September 16, 2016 Order in ECF Dkt #138, it is untimely;

2)      The Opening Brief is over the page limit by 13 pages;

3)      The Opening Brief is incoherent and impossible to formulate a coherent response to;

1

4)      No points of error are designated as such so it is unclear what, exactly, the points of error are that are being litigated;

5)      The underlying bankruptcy and adversary proceeding matters have both been dismissed;

6)      The matter is moot and this court lacks jurisdiction to hear the Appeal;

7)      Appellant's Opening Brief is not substantially compliant with the governing rule of procedure because it includes facts not properly cited to the Record on Appeal;

8)      The Opening Brief fails to show where in the Record Appellant objected to the Points of Error raised and thus those objections have been waived;

9)      The Appeal is Interlocutory and there is no accompanying Motion for Leave to File Appeal as required by Rule 8004;

10)     The appeal is frivolous;

11)     The Record on Appeal is incomplete; and,

12)     The Appellant is vexatious.

In attempting to draft an Answering Brief in response to Appellant's Opening Brief, it has come increasingly apparent that it is impossible for Appellee to form a coherent responsive brief because the Opening Brief and Notice of Appeal are incoherent and not substantially complaint with the governing rules as set forth above and below and the Record on Appeal is incomplete.  By this Motion, Appellee seeks the dismissal of this appeal by the court.  This motion is supported by the attached Declaration, Exhibits, files and records in this action and is based on Local Rules 7.1 and 7.2, and on Federal Rules of Bankruptcy Procedure Rules 8002(a)(1), 8004, 8013, 8015(a)(7), and 8020 and Rules 6

and 7 of the Federal Rules of Civil Procedure, the Declaration attached hereto, and the records and files herein.

1) **The Notice of Appeal is unclear; as it pertains to the September 16, 2016 Order in ECF Dkt #138, it is untimely.**

The Notice of Appeal in this matter was filed with the Bankruptcy Clerk on **October 4, 2016**. The Notice of Appeal court form requires Appellant on Page 1, Part 2, Question 1 to "Describe the judgment, order, or decree appealed from". In response to this question, Appellant entered:

> "Motion to Show Cause for Violations of Automatic Stay Defying Disqualification Order, and Bad Faith Pleadings in Judgment Creditor Paul J. Sulla Jr's Objection to Confirmation of Amended Plan of Debtor".

This is not an Order but a Motion and thus it is unclear.

Question 2 requests that Appellant "State the date on which the judgment, order, or decree was entered". Appellant entered "9/29/2016". This appears to be the date that the Order denying the Motion to Reconsider the Motion to Show Cause (above) was entered but it, too, is unclear.

Attached to the Notice of Appeal is:

- <u>Exhibit 1</u>: "Motion to Show Cause for Violations of Automatic Stay, Defying Disqualification Order, and Bad Faith Pleadings in Judgment Creditor Paul J. Sulla, Jr's Objection to Confirmation of Amended Plan of Debtor" marked as **Dkt #97,** filed on 6/27/16.

- <u>Exhibit 2</u>: Order on the above motion filed on September 16, 2016 titled "Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr." marked as **Dkt #139**.

- <u>Exhibit 3</u>: "Order Denying Debtor's Motion to Reconsider" filed on September 29, 2016 as **Dkt. # 150**. This was in relation to a Motion to Reconsider the Court's September 16 Order denying Dkt #97. The Motion to Reconsider is marked as **Dkt #148.**

However, also attached to the Notice of Appeal is:

- Exhibit 4: "Notice of Dismissal of Case", **Dkt # 145**, dated **September 19, 2016**, and

- Exhibit 5: "Order Granting in Part and Denying in Part Defendants Leonard G. Horowitz and Sherri Kane's Motion to Disqualify Co-Counsel Paul J. Sulla, Jr. and Phillip L. Carey from Representing Sham Plaintiff Jason Hester" dated **January 5, 2015** from a separate closed matter, Hester v. Horowitz case no. 1:14-cv-00413-JMS-RLP.

It is not clear why Exhibit's 4 and 5 are attached to the Notice of Appeal.  To the extent that Appellant is also appealing the Orders attached to his Notice of Appeal as Exhibits 4 and 5, the Appeal is untimely.

The Notice of Appeal is itself very confusing and unclear as to what, exactly, Appellant is appealing and fails to put Appellee on notice as to what the appeal is really about or what documents must be included in the Record on Appeal.  To make matters worse, Appellant's Opening Brief states on pp. 1-2 that this is an Appeal of three Orders, not two:  Dkt #138, #139, and #150.  However **Dkt #138** "Memorandum Decision Regarding Plan Confirmation" is listed nowhere on Appellant's Notice of Appeal nor is it attached to the Notice of Appeal.  Further, the appeal as to this Order is untimely because the Order was entered on **September 16, 2016**, 18 days prior to the Notice of Appeal filed on October 4, 2016.

Further, the actual Motion for Reconsideration **Dkt #150**, the Order on which is currently the primary matter being appealed, is not in the Record on Appeal.  It is impossible for this Court to overturn an Order denying reconsideration of another Order when the **Motion for Reconsideration** --which was supposed to provide the Court a basis for reconsideration-- **is wholly absent from the Record on Appeal**.

Appellant himself admits on pages 1-2 of his Opening Brief that the other two orders being appealed are dated September 16, 2016.  The record shows that ECF #138, "Memorandum of Decision Regarding Plan Confirmation" and ECF #139, "Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr" were both filed on September 16, 2016.

According to the Federal Rules of Bankruptcy Procedure Rule 8002(a)(1) *Fourteen-Day Period*, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order or decree being appealed."  Because all other possible Orders that Appellant purports to be appealing would be untimely, Appellee will assume that this is an appeal on the Order Denying the Motion to Reconsider (**Dkt #150**) only, and the underlying Order (**Dkt. #139**) denying the original motion (**Dkt. #97)** that is under reconsideration.  To the extent that this appeal is of any other Orders, Appellee hereby moves to dismiss it as untimely.  "A party to a bankruptcy action must timely file a notice of appeal after entry of the order being appealed". See Fed. R. Bankr.P. 8002(a). "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir.2007) (quoting *In re Long*, 255 B.R. 241, 243 (10th Cir. BAP 2000)); see also *In re Mouradick*, 13 F.3d 326, 327 (9th Cir.1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."). *See also Sumida & Tsuchiyama, LLLP v. Kotoshirodo (In re Kim)*, 433 B.R. 763, 770 (D. Haw., 2010)

      **1)**      **The Opening Brief is over the page limit by 13 pages**

According to the Federal Rules of Bankruptcy Procedure Rule 8015(a)(7)(A), the Opening Brief "must not exceed 30 pages".  The Opening Brief as filed, however, is 43

pages and Appellant never sought leave of the Court to file additional pages.  As such it is noncompliant and should be dismissed and/or the additional pages stricken.

> **2)**   **The Opening Brief is incoherent and impossible to formulate a coherent response to.**

The Opening Brief is incoherent.  There are many words but it is unclear what Appellant is actually saying and the relief being requested.  It is impossible to refute the rambling nature of this brief which mixes and confuses procedural posture, cases, facts, evidence, and law.  The Notice of Appeal, which included superfluous orders not under appeal and not even from the bankruptcy court, set the stage for this Appeal.  If Appellee is confused as to what, exactly, is being appealed and what, exactly, the legal basis for the appeal is, he is not being put on notice and is being deprived of due process.  Filled with adjectives, attacks, prejudicial yet irrelevant statements, and strident statements of legal fantasy, it is unlikely the court can make any more sense of the Opening Brief than Appellee.  In such a case, the Appeal itself should be dismissed.  The rules require the brief to be clear and concise.  What Appellant produced is neither.

> **3)**   **No points of error are designated as such so it is unclear what, exactly, the points of error are that are being litigated.**

According to Rule 8014(a)(5) of the Federal Rules of Bankruptcy Procedure, Appellant's Brief must contain a "statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review".  However, as it is unclear which orders are actually being appealed, it equally unclear what, exactly, the errors currently being appealed are.  Appellee can only assume which points made in Appellant's Opening Brief are the actual points of error or issues  being appealed.  There is no section labelled "Point of Error" nor any "Points of Error" labelled as such.  The "Statement of Issues" presented by Appellant is his de facto Points of Error but without more this is just

a leap of the imagination and not enough to base an Answering Brief on because the points are disjunctive and unclear.  A more definite statement is needed if dismissal is not granted. Appellant appears to list six points of error/ issues on appeal on pages 3-4 but then, on page 6 Appellant appears to list five more points of error/ issues on appeal while keeping them numbered the same as the first six points of error. Page 7, however, lists at least two more points of error/issues on appeal, one labelled C.(1), the other labelled (E).  What, exactly, are the points of error/issues being appealed?  The rules require more concise statements and more specificity.  The arguments section does not reference any specific or discernable points of error/issues on appeal, leaving both Appellee and the Court guessing as to which points are really on appeal.  Is it all 13 point of error/issues on appeal or perhaps more? Appellee can't discern which statements are the actual point of error/issues on appeal and which are generic arguments.  This ambiguity is in violation of the Rules and must be resolve before a meaningful Answering Brief can be drafted.

        **4)      The underlying bankruptcy and adversary proceeding matters have
                both been dismissed.**

        On September 19, 2016 the Bankruptcy Court issued an "Order Denying Confirmation and Dismissing Case" [Dkt # 143] dismissing the bankruptcy case underlying this unauthorized interlocutory appeal.  This dismissal was not objected to by Appellant and has not been appealed.  The associated Adversary Proceeding, which has no bearing on this appeal, was also dismissed and closed on November 1, 2016. The dismissal of Appellant's adversary action was also not appealed or objected to by Appellant.  The only remaining part of the Appellant's bankruptcy matter is this appeal, which is an interlocutory appeal.  Because the underlying bankruptcy matters have all been dismissed and this dismissal has not been appealed, this appeal is moot.  Even if the Court were to

accept Appellant's arguments and remand this matter to the Bankruptcy Court, there is no Motion to Re-Open the Bankruptcy and there would be no bankruptcy case left for the Bankruptcy Court to re-hear the Motions on appeal in. As such, for judicial economy, this appeal should be dismissed.

**5)      The matter is moot and this court lacks jurisdiction to hear the Appeal.**

While it is unclear what, exactly, the issues are that are being appealed, to the extent that this appeal is untimely, this Court lacks jurisdiction to hear it. To the extent that the underlying case has been dismissed, the property at issue has been transferred and the debtor dispossessed, any specific action beyond sanctions is not something this Court can redress. To the extent that this appeal is only an appeal of the Court's refusal to issue sanctions, the appeal is frivolous. The Court never found any stay violation, Appellant never demonstrated actual damages. The two appeals to the Bankruptcy Appellate Panel for the Ninth Circuit addressing the alleged stay violations and Motion for relief from stay were already dismissed as moot. There is nothing left to litigate and much too much left to attempt to discern. As with the other appeals, this matter is likewise moot and the court must dismiss for lack of jurisdiction.

**6)      Appellant's Opening Brief is not substantially compliant with the rules because it includes "facts" not properly cited to the Record on Appeal.**

Throughout Appellant's Brief there are "facts" that are asserted but unsupported in the record. These facts are often merely subjective vicious lies, innuendo, speculation, and personal attacks that have nothing to do with the underlying bankruptcy and everything to do with other matters in other cases currently on appeal in the state appellate courts. It is inappropriate for Appellant to rely on facts that are not in the Record on Appeal. The number of incendiary unsupported "facts" set forth in Appellant's brief are too numerous to note but are obvious from a quick reading of the brief. None of the exhibits offered by

8

Appellants fails to include relevant evidence with any credibility or admissibility under applicable rules of evidence. In reviewing the court's denial of reconsideration, this court is "limited to the... evidence available to the court at the time the motion was made." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (quoting *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1121 (9th Cir. 1994)). That is, "[d]ocuments or facts not presented to the [bankruptcy] court are not part of the record on appeal." *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990). This court need not address new arguments made without support from any facts established below. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 650 n.5 (9th Cir. 2002); In re Cady, 266 B.R. 172, 183 n.12 (9th Cir. BAP 2001) ("Normally the Panel will not review an issue raised for the first time on appeal. However, we may exercise our discretion to hear a new issue when it is 'purely one of law' and will not prejudice the opposing party."). See also *Nauman v. Kotoshirodo*, (D. Haw., 2011).

**7)     The Opening Brief fails to show where in the Record Appellant objected to the Points of Error raised and thus those objections have been waived**

It is unclear in the Opening Brief where any objections were had in the record by Appellant. The failure to object constitutes a waiver of the issues on appeal. Appellant's brief fails to pinpoint where on the record Appellant objected in relation to the specific issues on appeal and this appeal should be dismissed.

**8)     The Appeal is Interlocutory and there is no accompanying Motion for Leave to File Appeal as required by Rule 8004.**

28 U.S.C. § 158(a)(3) provides that this court only has jurisdiction to hear appeals from interlocutory orders with leave of the court. Federal Bankruptcy Rules of Procedure Rule 8004(a) states that "[t]o appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. §158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must: (1) be filed within the time allowed

by Rule 8002; (2) be accompanied by a motion for leave to appeal prepared in accordance with subdivision (b); and (3) unless served electronically using the court's transmission equipment, include proof of service in accordance with Rule 8011(d).  No Motion for leave to appeal was filed by Appellants in violation of this rule.  Failure to file a Motion for Leave to file an Interlocutory Appeal deprives this court of jurisdiction.  Because no Motion for Leave to file an Interlocutory Appeal was filed in this matter, this court does not have jurisdiction and the Appeal must be dismissed.

**9)      The appeal is frivolous.**

According to the Federal Bankruptcy Rules of Procedure Rule 8020(a), "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Because of the above issues, this appeal is likely never meant to be viable but filed merely for the purpose of harassment of Appellant's opposing counsel and creditor, Paul J. Sulla, with whom he has been in protracted litigation in multiple lawsuits.  Because Appellant is not new to the legal system, his pro se filings should be much more sophisticated by now; it is hard for Appellant to claim that his errors are innocent or based on a sincere misunderstanding of the law.  Instead the Opening Brief is truly unintelligible and appears to be written not to win any appeal but to drive up expenses for Appellee and punish him for litigating against Appellant in this and prior matters.  As such, Appellee finds the Appeal frivolous.  It should be dismissed with fees and treble costs granted to Appellee.

**10)      The Record on Appeal is incomplete.**

The Record on Appeal does not include the pleadings in support and in opposition to the Motion whose Order denying it is being appealed.  This is insufficient.  While the

pleadings are not required, they are necessary for the Court to make a meaningful ruling. The trial transcript is not enough, especially since the Motion to Reconsider was denied without a hearing. The Court has absolutely nothing to go on beyond the Order itself to make its ruling. Because the Record on Appeal is incomplete and provides no rational basis for the Court's review of the only matter that is being appealed timely: the Motion to Reconsider, it should be dismissed.

**11)       The Appellant is vexatious.**

This Appeal is the third appeal in this Bankruptcy matter and its affiliated adversary proceeding. There are two other pending matters before the U.S. District Court for the District of Hawaii between Appellant and Appellee and there are two pending appeals in the State Court between Appellant and Appellee's client, Jason Hester, for which Appellee has appeared as an attorney. There exist numerous other closed matters in state court between the parties. The Appellant is vexatious and appears to file new cases and appeals incoherently as a pro se in order to overwhelm and thwart Appellee's ability to practice law. Enough is enough. The vexatious filing and re-filing of the same arguments and evidence must be stopped. A dismissal of this appeal is one way to stem the flow of litigation coming from Appellant and send a clear message to the Appellant.

Dated:  Hilo, Hawaii this 24th day of January, 2017.

s/ Paul J. Sulla, Jr.

_____
PAUL J. SULLA, JR.
Pro Se and as Attorney for Appellees

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ et. al. | Civil No. 16-00549-DKW-KSC |
| Plaintiffs/Appellants, | |
| vs. | **DECLARATION OF PAUL J. SULLA, JR.** |
| PAUL J. SULLA, JR. et. al. | |
| Defendants/Appellees. | |

## DECLARATION OF PAUL J. SULLA, JR.

The undersigned hereby declares that:

1.      I am an attorney licensed to practice law before all courts in Hawaii and appear pro se and as the attorney for the Appellee corporation.  I have personal knowledge of the matters discussed herein unless stated to be upon information and belief.

2.      This District Court Appeal from the Bankruptcy Court is part of a series of appeals by Mr. Horowitz involving this law office.  Two prior appeals before the Bankruptcy Appellate Panel Case Nos. BAP Nos. HI-16-1110 and HI-16-1132 have already been dismissed as moot and the underlying bankruptcy and adversary proceeding, Case Nos. 16-00239 and 16-90015 have also been dismissed.

3.      In addition to the above matters, Appellant is also currently an Appellant making the same or similar arguments in state court in two currently open appeals: *Jason Hester, et. al. v. Leonard Horowitz, et. al.* Appeal No. CAAP-16-0000162 (this law firm represents the Plaintiff/Appellee) and *Hester v. Horowitz et al.,* No. CAAP-16-0000163 (this law firm previously represented the Plaintiff).

4.      There are two other pending U.S. District Court matters that Appellant is involved in where the same or similar arguments are being made, using the same or similar tactics of unnecessarily voluminous and incoherent pleadings making sweeping and serious accusations but submitting very little credible or admissible evidence or claiming any cognizable basis in law.  One of the pending District Court matters, *Horowitz v. Sulla et al,* Case no. Civil No. 13-00500 HG-BMK is administratively closed pending disposition of the state court cases, the other,

13

*Hester v. Horowitz,* Case NO. 1:17-cv-00014-LEK-KSC is currently awaiting remand to state court.

     5.     In all of the above matters, the filings by Leonard Horowitz, the Appellant herein, have been extremely voluminous and time-consuming to review and almost impossible to discern the rational and legal basis.  As with the other Horowitz matters, the arguments made in the opening brief, being filed by Mr. Horowitz *pro se*, are difficult to decipher and understand.  It is my belief, after years of litigating with Appellant, is that this is intentional and meant to confound all opposing parties and the courts so as to delay the execution of writs and orders, punish Horowitz's adversaries, drive up legal fees, and create burdens on the courts, especially federal courts.  Leonard Horowitz is a professional conspiracy theorist with well-known publications blaming the federal government for AIDS, ebola, and other illness and crimes against humanity.  See, for example, Appellant's website: http://www.waronwethepeople.com which prominently features the pictures of several former US Presidents and promotes Appellant's theories of the U.S. Government's crimes.

     6.     One example of the confusing and burdensome nature of Appellant's filings is the Notice of Appeal herein as compared to the Opening Brief.  According to the Notice of Appeal, the order being appealed from was filed on September 29, 2016 and thus the appeal is timely.  However, the Opening Brief purports to be appealing three orders, not one, and the two others orders on appeal were granted on September 16, 2016 which would make the appeal of those orders untimely.  As such, the Notice of Appeal is unclear.  It is not clear to me why Exhibit's 4 and 5 are attached to the Notice of Appeal.  To the extent that Appellant is also appealing the Orders attached to his Notice of Appeal as Exhibits 4 and 5, the Appeal is untimely.

7.     It is my opinion that the appeal is moot because the underlying bankruptcy is dismissed.  On September 19, 2016 the Bankruptcy Court issued an "Order Denying Confirmation and Dismissing Case" [Dkt # 143] dismissing the bankruptcy case underlying this unauthorized interlocutory appeal.  This dismissal was not objected to by Appellant and has not been appealed. The associated Adversary Proceeding, which has no bearing on this appeal, was also dismissed and closed on November 1, 2016.  The dismissal of Appellant's adversary action was also not appealed or objected to by Appellant.  The only remaining part of the Appellant's bankruptcy matter is this appeal, which is an interlocutory appeal for which no leave to appeal was sought.

8.     The underlying bankruptcy case has been dismissed, the property at issue has been transferred and the debtor dispossessed.  There is nothing left to litigate and much too much left to attempt to discern.

9.     Appellant is not new to the legal system.  His pro se filing should be much more sophisticated by now.  I find it hard to believe that Appellant's errors are innocent or based on a sincere misunderstanding of the law.  Instead the Opening Brief is truly unintelligible and appears to be written not to win any appeal but to drive up expenses for me and my law firm and punish me for litigating against him in this and prior matters.  As such, I find this Appeal frivolous.

10.     It is my opinion that the Appellant is vexatious and appears to file as much as possible as a pro se in order to thwart my ability to practice law.  Enough is enough.  The vexatious filing and re-filing of the same arguments and evidence must be stopped.  A dismissal of this appeal

is one way to stem the flow of litigation coming from Appellant and send a clear message to the

Appellant.

I declare under penalty of law that the foregoing is true and correct.

Dated:  Hilo, Hawaii this 24th day of January 2017.

*s/ Paul J. Sulla, Jr.*

_____

PAUL J. SULLA, JR.
Attorney for Plaintiffs

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ et. al. | Civil No. 16-00549-DKW-KSC |
| Plaintiffs/Appellants, | **CERTIFICATE OF SERVICE** |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Defendants/Appellees. | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document(s):

**APPELLEES' MOTION TO DISMISS; DECLARATIO OF PAUL J. SULLA, JR.; CERTIFICATE OF SERVICE**

were duly served upon the following by mailing a copy of same via U.S. Postal Service, postage

prepaid at the U.S. Post Office in Hilo, Hawaii on this 24th day of January, 2017, to:

17

Leonard Horowitz
PO Box 75104
Honolulu, HI 96836

*s/ Paul J. Sulla, Jr.*
_____
PAUL J. SULLA, JR.
Attorney for Plaintiffs