Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ | Civil No. 16-00549-DKW-KSC |
| Debtor/Appellant, | Chapter 13 Bankruptcy Case No.: 1:16-bk-00239 |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Creditor/Defendants/ Appellees. | JUDGE:  Hon. Judge Derrick K. Watson |

**APPELLEE PAUL J. SULLA, JR.'S**

**ANSWERING BRIEF**

## Table of Contents

I.     INTRODUCTION/ PRELIMINARY MATTERS ......................... 1

II.    STATEMENT OF JURISDICTION ................................. 2

III.     ISSUES PRESENTED ON APPEAL AND STANDARDS OF REVIEW...... 6

    A.   *Counterstatement of Issues* ............................ 6

    B.   *Standards of Review* ................................... 7

IV.    STATEMENT OF THE CASE ..................................... 8

    A.   *Nature of the Case* .................................... 8

    B.   *Proceedings Below* ..................................... 9

V.     STATEMENT OF FACTS ....................................... 12

VII.     ARGUMENT................................................ 17

    **Issue #1** ................................................ 17

    Defendants had no notice of Appellant's bankruptcy filing at
    the times in question. .................................... 19

    **Issue #2** ................................................ 21

    **Issue #3** ................................................ 23

    **Issue #4** ................................................ 26

    **Issue #5** ................................................ 29

    **Issue #6** ................................................ 32

    The Court was correct to deny Appellant's Motion for
    Reconsideration ........................................... 34

**VIII   CONCLUSION** .......................................... 35

**CERTIFICATE OF COMPLIANCE** ................................. 36

***DISCLOSURE STATEMENT*** .................................... 37

**CERTIFICATION REQUIRED BY BAP RULE 8015(a)-1(a)** ........... 37

***STATEMENT OF RELATED CASES*** ............................. 38

**CERTIFICATION REQUIRED BY BAP RULE 8015(A)-1(B)** ........... 38

**CERTIFICATE OF SERVICE** .................................... 40

**<u>Table of Authorities</u>**

**Cases**

*Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353, 361 n. 10 (3d Cir.2006) ............................ 5

*Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) .................................... 24

*Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 345 F.3d 701, 705 (9th Cir.2003) ............................................. 7

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) ................................... 25

*Camuso v. Nat'l R.R. Passenger Corp.*, 2000 WL 502707, at *2 n.2 (E.D. Pa. Apr. 25, 2000), appeal dismissed, 267 F.3d 331 (3d Cir. 2001) ............................................... 26

*Eskanos & Adler, P. C. v. Roman (In re Roman)*, 283 B.R. 1, 7-8 (B.A.P. 9th Cir.), affirmed, 309 F.3d 1210, 1215 (9th Cir. 2002) ................................................. 20

*Hester v. Horowitz et al.;* Hawaii Circuit Court for the Third Circuit Civ. No. 05-1-0196, now on appeal as ICA No. CAAP-16-0000162 .................................................. 38

*Hester v.* Horowitz et al.; Hawaii Circuit Court for the Third Circuit Civ. No. 14-1-0304, now on appeal as ICA No. CAAP-16-0000163 ......................................... 9, 15, 16, 27, 38

*Horowitz v. Horowitz et al.,* BK No. 16-90015 and its appeal, BAP No. HI-16-1132 ................................................ 39

*Horowitz v. Sulla et al.,* U.S. District Court for the District of Hawaii Civ. No. 15-00186 JMS-BMK ........................ 39

*In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 228 (9th Cir. BAP 1995) .................................................... 7

*In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827 (9th Cir. BAP 1986) ...................................................... 7

*In re Gioioso*, 979 F.2d 956, 960 (3d Cir. 1992)............... 26

*In re Jumpp*, 356 B.R. 789, 791 (B.A.P. 1st Cir. 2006).......... 7

*In re Long*, 255 B.R. 241, 243 (10th Cir. BAP 2000)............. 4

*In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013)............... 25

*In re Mouradick*, 13 F.3d 326, 327 (9th Cir.1994)............... 4

*In re Mouradick*, 13 F.3d 326, 328 (9th Cir.1994)............... 5

*In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995) aff'd, 103 F.3d 139 (9th Cir. 1996).............................. 35

*In re Perl* [811 F.3d 1120 (2016)]........................ 33, 34

*In re Reswick*, 446 B.R. 362, 365 (B.A.P. 9th Cir. 2011)........ 7

*In re Roman*, 283 B.R. 1, 12 (B.A.P. 9th Cir. 2002)............ 28

*In re Sandoval*, 186 B.R. 490, 493 (B.A.P. 9th Cir. 1995)....... 7

*In re Smith*, 189 F. App'x 88, 89 (3d Cir. 2006)............... 5

*In re Weston*, 41 F.3d 493, 495 (9th Cir.1994)................... 7

*In re Wiersma*, 483 F.3d 933, 938 (9th Cir.2007)................ 4

*Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir.1993) ................................................. 35

*McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir.1987)........... 7

*Shareholders v. Sound Radio, Inc.*,109 F.3d 873, 879 (3d Cir.1997) .................................................... 5

*Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)........... 24

*Sumida & Tsuchiyama, LLLP v. Kotoshirodo (In re Kim)*, 433 B.R. 763, 770 (D. Haw., 2010) ................................... 4

*Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir.1991)....... 35

*Zukv. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 298 (3d Cir. 1996) ............................... 25

**Statutes**

11 U.S.C. § 558........................................... 29

11 USC § 362........................................ 6, 18, 19

28 U.S.C. § 158(a)(3)..................................... 2

28 U.S.C. §158(a)(3).................................. 2, 25

**Rules**

Fed. R. Bankr. P. 9011.................................. 25

Fed. R. Civ. P. ("FRCP") 59(e)........................... 7

Fed. R. Civ. P. 1 l(c)(2)............................... 25

Rule 8004, Fed. R. Bank. P.............................. 2

**Treatises**

Charles Alan Wright et al., Federal Practice and Procedure§ 1337.2 (3d ed. 2016) ................................... 25

I.    INTRODUCTION/ PRELIMINARY MATTERS

Appellee Paul J. Sulla, Jr. ("Appellee") hereby submits his Answering Brief in response to Appellant Leonard Horowitz ("Appellant")'s Opening Brief, filed November 28, 2016. Appellant's Opening Brief fails to comply with Rule 8014(a), Fed. R. Bank. P., in that Appellant fails to meet the briefing requirements noted therein.  The Opening Brief exceeds the page limit by 13 pages and is incoherent.  It is unclear what, exactly, the specific issues are on appeal and Appellant presented different issues on appeal in his Opposition to Appellee's Motion to Dismiss than he presented in his Opening Brief and elsewhere, compounding Appellee's reasonable confusion.

Further, the Notice of Appeal is unclear.  As it pertains to the September 16, 2016 Order in ECF Dkt #138, it is untimely. Because the underlying bankruptcy and adversary proceeding matters have both been dismissed, the present appeal is moot and this court lacks jurisdiction to hear the Appeal.  Appellant's Opening Brief also fails to comply with Rules 8014(a), Fed. R. Bank. P., in that Appellant includes facts not properly cited to the Record on Appeal and "facts" which are unproven and absent in the record below. The Record on Appeal is incomplete and the Opening Brief fails to show where in the Record Appellant objected to the issues raised and thus objections have been waived.  At the time the Appeal was

1

filed it was interlocutory with no accompanying Motion for Leave to File Appeal as required by Rule 8004, Fed. R. Bank. P.  For these reasons, the Bankruptcy Court judge's ruling should be affirmed and this appeal should be dismissed with prejudice.

In attempting to draft an Answering Brief in response to Appellant's Opening Brief, it became increasingly apparent that it is impossible for Appellee to form a coherent responsive brief because the Opening Brief and Notice of Appeal are incoherent and not substantially compliant with the governing rules as set forth above and below.

## II.  STATEMENT OF JURISDICTION

This Court does not have jurisdiction to hear Appellant's appeal because the appeal is interlocutory and Appellant never sought leave to file an interlocutory appeal as required by Rule 8004, Fed. R. Bank. P. 28 U.S.C. § 158(a)(3) provides that this court only has jurisdiction to hear appeals from interlocutory orders with leave of the court.  Federal Bankruptcy Rules of Procedure Rule 8004(a) states that "[t]o appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. §158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a). The notice must: (1) be filed within the time allowed by Rule 8002, and (2) be accompanied by a motion for leave to appeal prepared in accordance with

subdivision (b).  No Motion for Leave to File Appeal was filed by
Appellant.   This failure to file a Motion for Leave to file an
Interlocutory Appeal deprives this court of jurisdiction.

Even if this appeal were not interlocutory, the appeal as to
two of the three orders from which Appellant seeks relief is
untimely and thus this court lacks jurisdiction to hear the appeal
as to those two orders.  To the extent that the court may find
that it has jurisdiction to hear the appeal of the Order which was
appealed timely, the court still lacks jurisdiction because the
appeal was mooted when the Bankruptcy petition was dismissed and
the Appellant failed to appeal the dismissal of the underlying
bankruptcy.  Appellant's Opening Brief states on pp. 1-2 that this
is an Appeal of three Orders:  Dkt #138, #139, and #150.  However
Dkt #138 "Memorandum Decision Regarding Plan Confirmation" is
listed nowhere on Appellant's Notice of Appeal nor is it attached
to the Notice of Appeal.  Further, the appeal as to this Order is
untimely because the Order was entered on September 16, 2016, 18
days prior to the Notice of Appeal filed on October 4, 2016.  [AA
1:1-6][1]. According to the Federal Rules of Bankruptcy Procedure
Rule 8002(a)(1) *Fourteen-Day Period*, "a notice of appeal must be

---

[1] Citations to Appellee's Appendix are referenced as "AA t: pp"
where "t" indicates the tab number and "pp" the page numbers of
the document cited (e.g., "AA 1: 2-4" is Appellant's Appendix,
tab 1, at pages 2-4).

filed with the bankruptcy clerk within 14 days after entry of the judgment, order or decree being appealed."

Appellant admits on pages 1-2 of his Opening Brief that two orders being appealed are dated September 16, 2016.  The record shows that ECF #138, "Memorandum of Decision Regarding Plan Confirmation" and ECF #139, "Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr" were both filed on September 16, 2016.  [AA 1:1-6; 2:1-6] "A party to a bankruptcy action must timely file a notice of appeal after entry of the order being appealed". See Fed. R. Bankr.P. 8002(a). "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir.2007) (quoting *In re Long*, 255 B.R. 241, 243 (10th Cir. BAP 2000)); see also *In re Mouradick*, 13 F.3d 326, 327 (9th Cir.1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."). *See also Sumida & Tsuchiyama, LLLP v. Kotoshirodo (In re Kim)*, 433 B.R. 763, 770 (D. Haw., 2010)

While the appeal may be timely as to one of the three orders Appellant seeks to appeal and this court may otherwise have jurisdiction this Court is without jurisdiction to address issues raised in Bankruptcy case #1:16-bk-00239 as that case was dismissed on September 19, 2016. [AA 3:15].  Appellant failed to file a

4

timely appeal from that dismissal ruling. Appeals must be filed within 14 days of the entry of an order or judgment pursuant to Fed. R. Bank. P. 8002. The failure to comply with this rule divests the Appellate Court of jurisdiction to review the appeal. The failure to file a timely notice of appeal [from Bankruptcy Court] creates a jurisdictional defect barring appellate review." *Shareholders v. Sound Radio, Inc.,* 109 F.3d 873, 879 (3d Cir.1997); *In re Mouradick*, 13 F.3d 326, 328 (9th Cir.1994); *Adapt of Philadelphia v. Philadelphia Housing Authority*, 433 F.3d 353, 361 n. 10 (3d Cir.2006); *In re Smith*, 189 F. App'x 88, 89 (3d Cir. 2006).

On September 19, 2016 the Bankruptcy Court issued an "Order Denying Confirmation and Dismissing Case" [Dkt # 143] dismissing the bankruptcy case underlying this unauthorized interlocutory appeal. [AA 3:15]. This dismissal was not objected to by Appellant and has not been appealed. [AA: entire record]. The associated Adversary Proceeding, which has no bearing on this appeal, was also dismissed and closed on November 1, 2016. [AA 4:18]. The dismissal of Appellant's adversary action was also not appealed or objected to by Appellant. [AA: entire record]. The only remaining part of the Appellant's bankruptcy matter is this appeal, which is an improperly brought interlocutory appeal. Because the underlying bankruptcy matters have all been dismissed and this dismissal has not been appealed, this appeal is moot. Even if the

5

Court were to accept Appellant's arguments and remand this matter to the Bankruptcy Court, there is no Motion to Re-Open the Bankruptcy and there is no bankruptcy case left for the Bankruptcy Court to re-hear the Motions upon any remand.

### III. ISSUES PRESENTED ON APPEAL AND STANDARDS OF REVIEW

*A. Counterstatement of Issues*

#### Issue #1

Did the Court correctly decide that Sulla did not commit a willful violation of the 11 USC § 362 Automatic Stay?

#### Issue #2

Did the Court correctly decide that Sulla did not violate a Disqualification Order issued by Judge Puglisi?

#### Issue #3

Did the Court correctly hold that Appellant had not complied with the "safe harbor" of rule 9011(c)(l)?

#### Issue #4

Did the court err in stating that Dr. Horowitz has not established that he suffered quantifiable damage from the alleged violation of stay?

#### Issue #5

Did the court err when it heard Appellant's Motion to Show Cause despite Appellee not having filed a Memorandum in Opposition to his Motion?

#### Issue #6

Did the court err in its application of *In re Perl*?

*B. Standards of Review*

"A bankruptcy court's interpretation of the bankruptcy code is reviewed de novo. *Bankr. Receivables Mgmt. v. Lopez (In re Lopez)*, 345 F.3d 701, 705 (9th Cir.2003)." *In re Reswick*, 446 B.R. 362, 365 (B.A.P. 9th Cir. 2011). "The extent to which the automatic stay terminates pursuant to section 362(c)(3)(A) is a question of law that the Panel herein reviews de novo." *In re Jumpp*, 356 B.R. 789, 791 (B.A.P. 1st Cir. 2006).

Appellant's Opening Brief indicates that this appeal is also an appeal of the Court's Order Denying Appellant's Motion for Reconsideration, ECF Dkt.#150 dated September 29, 2016. While this Order was not properly listed in the Notice of Appeal and Appellee's position is that this Order is not actually a part of this appeal, the standard of review for a bankruptcy court's denial of a Motion for Reconsideration is abuse of discretion. A motion for reconsideration is traditionally treated as a motion to amend judgment under Fed. R. Civ. P. ("FRCP") 59(e). *In re Weston*, 41 F.3d 493, 495 (9th Cir.1994); *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827 (9th Cir. BAP 1986). The standard of review of a bankruptcy court's denial of an FRCP 59(e) motion or a motion for reconsideration is abuse of discretion. *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir.1987); *In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 228 (9th Cir. BAP 1995); *In re Sandoval*, 186 B.R. 490, 493 (B.A.P. 9th Cir. 1995).

7

IV.   **STATEMENT OF THE CASE**

    *A.   Nature of the Case*

This case arises from the foreclosure of property owned by a religious nonprofit named the Royal Bloodline of David conducted by Appellee as attorney for Jason Hester.  [AA 2:2].  The record reflects that Appellant's bankruptcy and adversary proceeding were filed in effort to stay and/or thwart state court decisions granting Appellee post-foreclosure ejectment of Appellant and all others who claimed to reside on the foreclosed property. [AA 1:5]. Appellant was never the owner of the Subject Property but instead it was owned by the nonprofit Royal Bloodline of David who unsuccessfully attempted to transfer the Property to Debtor via a Quitclaim Deed.  [AA 2:2].

Appellant filed for protection under Chapter 13 of Title 11 of the United States Code on March 9, 2016.  [AA 3:3].  Appellant continually claimed to have an interest in a property which was located at 13-3775 Pahoa-Kalapana Road, Pahoa, Hawaii 96778 and other claims for damages related to the loss of the Subject Property at foreclosure despite repeated Findings, Orders and Judgments in prior State actions that he has no interest.  *Id*. Appellant brought an Adversary Complaint to challenge events related to foreclosure and eviction from the Subject Property although: 1) Appellant did not ever own the Subject Property, 2) Appellant did not live on the Subject Property, 3) the foreclosure

8

occurred almost six years ago, and 4) the foreclosure was against an entity that Appellant admits no longer exists and has been dissolved since 2012. [AA 4:1-18] Appellant appeared to be using the Subject Property via caretakers for vacation rental income only. [AA 5:9; 8:3]

    *B.   Proceedings Below*

On March 9, 2016 Appellant filed a pro se Chapter 13 Voluntary Petition in Bankruptcy Case No. 1:16-bk-00239 and a Chapter 13 Plan. [AA 3:1]. On the same day Appellant opened an adversary proceeding A.P. No. 1:16-ap-90015 against Appellee and numerous others primarily seeking injunctive relief where Appellant requested that the court allow him to keep the Subject Property based on a series of alleged wrongs committed against him by Appellee. [AA 4:3]. The address used by Appellant for his Bankruptcy Court correspondence was an address in Honolulu rather than one at or near the Subject Property on the Big Island. [AA 3:1; 4:1].

On March 18, 2016 Appellee filed a Motion for Relief from Automatic Stay on behalf of Jason Hester, the owner of the Subject Property seeking permission to execute the writ of ejectment against Appellant that had already been issued by the State Circuit Court in a prior quiet title action, *Hester v. Horowitz*, Civil No. 14-1-0304. [AA 3:2]. A hearing was held on April 12, 2016 on

Appellee's Motion for Relief from stay.  [AA 3:4].  The Court granted Appellee's Motion for Relief on April 15, 2017.  *Id*.

On April 17, 2017 the attorney for the Bankruptcy Trustee filed an Objection to confirmation of Appellant's Chapter 13 Plan.  [AA 3:5].  A Notice of Appeal of this Order granting relief from the stay was filed on April 18, 2016 as Case No. BAP No. HI-16-1110 (dismissed as moot).  *Id*.  On April 19, 2016 Appellant filed a Motion to Stay the Order granting relief from stay pending his appeal.  *Id*.  On April 26, 2016 the Department of Taxation, State of Hawaii, filed an Objection to Appellant's Chapter 13 Plan.  [AA 3:6].  On May 24, 2016 the Standing Trustee filed an Amended Objection to Appellant's Chapter 13 Plan.  [AA 3:7].  On June 2, 2016 the Court entered an Order sustaining the Objection to the Chapter 13 Plan.  [AA 3:8].

On June 8, 2016 the Appellant filed Amended Schedules A - J, Summary of Assets and Liabilities and Certain Statistical Information, Statement of Financial Affairs, Form B 122A, B, or C (Statement of Current Monthly Income and Related Forms), and an Amended List of Creditors.  [AA 3:8].  He also filed an Amended Chapter 13 Plan on that day.  [AA 3:8].  On June 14, 2016 the Trustee filed an Objection to Appellants Exemptions.  [AA 3:9].  On June 17, 2016 Appellee filed an Objection to Appellant's Chapter 13 Plan.  *Id*.

On June 27, 2016 Appellant filed a "Motion to Show Cause for Violations of Automatic Stay Defying Disqualification Order, and Bad Faith Pleadings in Judgment Creditor Paul J. Sulla, Jr's Objection to Confirmation of Amended Plan of Debtor". [AA 3:10]. A hearing was held July 7, 2016 and the matter was taken under advisement. [AA 3:11].

On July 21, 2016 the Court denied confirmation of Appellant's Amended Chapter 13 Plan. [AA 3:12]. On August 5, 2015 Appellant again amended his Chapter 13 Plan and schedules. *Id.* On August 26, 2016 Appellee again filed an Objection to Appellant's Amended Chapter 13 Plan. [AA 3:13]. On September 6, 2016 the Trustee also objected to the Amended Chapter 13 Plan and filed a Motion to Dismiss Appellant's Bankruptcy Petition. [AA 3:18].

On September 16, 2016 the Court issued two memorandum decisions: one on the Chapter 13 Plan confirmation; the other addressing Appellee's alleged misconduct. [AA 3:15]. On September 19, 2016 the Court issued an Order Denying Confirmation and Dismissing Case. *Id.* On September 26, 2016 Appellant filed a Motion to Reconsider the Court's Memorandum Decision on Appellee's alleged misconduct. *Id.* The Court issued an Order Denying Debtor's Motion to Reconsider on September 29, 2016 making it clear that the Order(s) at issue pertained to Appellants June 27, 2016 "Motion to Show Cause for Violations of Automatic Stay Defying Disqualification Order, and Bad Faith Pleadings in Judgment

11

Creditor Paul J. Sulla, Jr's Objection to Confirmation of Amended
Plan of Debtor". [AA 3:16].

On October 4, 2016 Appellant filed a Notice of Appeal of this
September 29, 2016 Order regarding Appellee's alleged misconduct.
[AA 3:16]. On October 17, 2016 Appellant's first appeal was
dismissed by the Bankruptcy Appellate Panel via the "BAP Decision
on Appeal re: HI-16-1110, Order Dismissing Appeal". [AA 3:17].
On November 1, 2016 Appellant's Adversary Proceeding --which also
had within it similar motions as the one on appeal herein and which
were also subject to an appeal (now dismissed)-- was closed when
the Court granted two motions to dismiss. *Id*.

On January 5, 2017 the Chapter 13 Standing Trustee's Final
Report and Account was issued. *Id*.

## V.   STATEMENT OF FACTS

On April 15, 2016 the Bankruptcy Court issued an order
terminating the automatic stay and allowing Appellee to proceed
with and complete any and all contractual and statutory remedies,
including trespass, unlawful detainer and forcible
eviction/ejectment, incident to his interest held in real property
commonly described as 13-1775 Pahoa Kalapana Road, Pahoa, Hawaii
96778-7924, TMK Nos. (3) 1-3-001:049 & 043 ("Property"), as legally
described as set forth in the Quitclaim Deed ("Deed") attached as

Exhibit "A" to Appellee's Declaration in support of Motion for Relief from Stay. [AA 7:1-2].

The Appellant paid no rent nor any use and occupancy fees or other expenses of the Property during the six (6) years he had been a hold over tenant at sufferance despite the fact that the property was advertised extensively as a rental property by the Appellant. [AA 8:1]. The real property taxes were delinquent and subject to a tax lien and sale by the County of Hawaii if not paid by June 30, 2016 creating additional urgency for a relief from stay. [AA 8:2]. Prior to Appellant's petition being filed Appellee had already retained a professional team including law enforcement, movers, and a process server to assist with enforcement of the Writ of Ejectment which required extensive coordination of schedules with approximately 15 people, all of which had already agreed to a date for enforcement of the Writ of Ejectment and by the filing of Appellant's bankruptcy petition, Appellee and his client Jason Hester were required to cancel and reschedule the ejectment to a much later date at the homeowner's expense and great personal hardship. *Id.* At the time the ejectment process began, Appellee was unaware of and bankruptcy action being filed. [AA 9:3]. As soon as he became aware of it, he ceased all activities in relation to ejectment and instead brought a Motion for Relief from Stay on March 18, 2016 which was granted on April 15, 2016. *Id.*

Appellant filed for bankruptcy on March 9, 2016 and continually claimed to have an interest in the Property despite repeated Findings, Orders and Judgments in prior State actions that he had none. [AA: entire record]. He held no record title interest, no lease, or other rental agreement. [AA: entire record]. He paid no rent and never has paid or offered to pay rent to the record title holder or tax to the County of Hawaii since the foreclosure sale date in April 2010, over six years ago. [AA 8:2]. He did not actually reside on the Property. *Id.* According to the address provided by the Appellant in his initial filing before the Bankruptcy Court and his many statements in prior State and Federal courts in related matters he actually resides in Honolulu. *Id.* Further the property was extensively advertised as a rental property under the name "Steam Vent Inn" with a copy of recent internet advertising attached to the Motion for Relief from Stay. [*Id.* and AA 8:19-26].

Appellant claimed a possessory interest in the Property by virtue of his affiliation with the prior owner, a non-profit Washington State corporation named The Royal Bloodline of David ("RBOD") but any legal, equitable or possessory interest that RBOD held was extinguished by virtue of a foreclosure sale held on April 20, 2010 and the RBOD's dissolution on October 31, 2012 in the State of Washington. [AA 8:2-3]. Extinguishment of Appellant's alleged possessory interest was further evidenced by the Final

14

Judgment in a state Quiet Title action which was attached to the Motion for Relief from Stay. [AA 8:27-29]. Appellee's client Jason Hester's interest in the Property was based on a Quitclaim Deed recorded on June 14, 2011 and the Final Judgment quieting title to the Property in favor of Appellee's Client Mr. Hester on December 30, 2015. [AA 8:3]. Furthermore, Appellee obtained a Writ of Ejectment on March 1, 2016 regarding the property which was entered in the Quiet Title action in the Circuit Court of the Third Circuit, State of Hawaii, in *Hester v. Horowitz et. al.*, Civil No. 14-1-0304, pre-petition to the Appellant's filing for bankruptcy. [AA 8:31-32]. A true and correct copy of the Writ was attached to the Motion for Relief from stay.

Appellee's client lacked adequate protection from the Appellant's holdover occupancy and failure to pay any use and occupancy charges to him or real property taxes to the County of Hawaii. This holdover was preventing the owner from protecting the property from loss and preserving the asset. The entry of the Circuit Court's Final Judgment and Writ of Ejectment divested any interest of the Appellant. Because the owner had already obtained a Writ of Ejectment in the State Court, the parties were precluded from re-litigating issues that could or should have been raised in the State Court action, due to its res judicata or claim preclusion effect. Appellant had already requested a stay of the ejectment proceedings in state court several times, all of which were denied.

15

This bankruptcy filing was yet another attempt by Appellant to delay ejectment.  It was in fact his 10th request for stay.[2]  [AA 8:4-5].

---

[2]   Ho'ohiki docket entries in *Hester v. Horowitz et. al.*, Civil No. 14-1-0304 show the following attempts to Appellant's eviction:

-     Entry #69: April 13, 2015 "Appellants' Emergency Motion for Emergency Stay Pending Hearing…" [Denied],

-     Entry #71: April 15, 2015 "Emergency Motion to Stay April 17, 2015 Hearing on Motion for Summary Judgment pending Appeal…" [Denied],

-     Entry #72: April 17, 2015 "Motion to Strike Pretrial Statement and Dismiss Case for being filed with "Unclean Hands" in Bad Faith…" [Denied],

-     Entry #107: June 10, 2015 "Emergency Motion for Injunctive Relief to Stay Process, Judgments and Orders…" [Denied],

-     Entry #134: October 5, 2015 "Defendants' Motion for Stay or for Dismissal Prior to Entry of Final Judgment" [Denied],

-     Entry #143: January 11, 2016 "Resubmitted Motion for Stay Pending Finality in Related Action Cov. No. 05-1-196 [HRCP Rule 62(b)]" [Denied],

-     Entry #146: January 11, 2016 "Defendants' Motion for Stay [HRCP 62(b)] Pending the Disposition of Defendants' Post Judgment Motions: (1) Defendants' Motion for Stay or for Dismissal Pending Finality in the Prior Filed Related Action [HRCP 62(b)], and of 2) Defendants' Motion for Reconsideration or Alternatively for New Trial [HRCP 59(a)]" [Denied],

-     Entry #159: March 3, 2016 "Defendants' Motion For Stay Pending Appeal [HRCP 62(D)] And For The Setting Of Supersedeas Bond Security During The Period Of The Appeal" [Pending.  Hearing set for April 21, 2016].

-     Entry #164: March 14, 2016 "Defendant's Emergency Motion For Stay of Writ of Ejectment [HRCP 62(B)]" [Pending.  Improperly designated as a "non-hearing" motion; no hearing date set.]

## VII. ARGUMENT

<u>Issue #1</u>

Appellant has set forth numerous issues on appeal, written different ways, in different places and Issue #1 is no exception. It is unclear which document controls here and which version of Issue #1 Appellee must respond to.  In seeing this, Appellee brought a Motion to Dismiss, which this Court has yet to rule on. According to p. 6 of Appellant's January 30, 2017 Opposition to Appellee's pending Motion to Dismiss, the first Issue on Appeal is as follows:

> Did Sulla violate the Automatic Stay? And was this question substantively addressed in court; or were material facts and due process neglected in violation of the Appellant's rights?

However, per p. 7 of Appellant's Opening Brief the first Issue on Appeal is:

> Did the court err by omitting facts most substantive to allegations of violations of Stay and due process; namely: (a) Evidence filed of Sulla having acted to eject the Appellant during the third week in March when Sulla knew the Stay was in effect; (b) Compounding evidence of willful violations of the Stay; and (c) Pending (i.e., indeterminate) State appellate court actions determining final disposition of the subject Property precluding the Bankruptcy court's false and prejudicial presumptions that: (i) "the title is no longer in the Debtor"; and (ii) "contrary to Dr. Horowitz's contentions, the nonjudicial foreclosure was valid." In effect, the BK court prejudicially ruled as an appellate court over matters in State; and further, that (iii) abstention was justified, not erroneous, prejudicing due process and contributing to violations of state and federal laws and processes by

17

Sulla and complicit State actors resulting in the conversion of Property possession?

Per p. 5 of Appellant's Designation of the Record on Appeal and Statement of Issues filed on October 31, 2016 the First Issue on Appeal is:

> The court erred by omitting facts most substantive to allegation of Stay violations; namely: (a) evidence filed of Sulla having acted to eject the Appellant during the third week in March when Sulla knew the Stay was in effect; (b) evidence of improper service of Writ of Ejectment also in violation of Stay on the evening of March 12, 2016 when Sulla's office had been served Notice of Stay by 11 a.m. that morning; and (c) the pending (i.e., indeterminate) disposition of the subject Property precluding the Bankruptcy court's presumption that: (i) "the title is no longer in the Debtor"; and (ii) "contrary to Dr. Horowitz's contentions, the nonjudicial foreclosure was valid;" in effect ruling as an appellate court over matters in State.

Having three different versions of the first issue on appeal makes this Answering Brief much too cumbersome. For this reason, Appellee will frame the issue based on its own counterstatement of the issue: **Did the Court correctly decide that Sulla did not commit a willful violation of the 11 USC § 362 Automatic Stay?**

The Court correctly decided that Appellee did not violate the Automatic Stay. While Appellant attempts to make an issue out of the fact that one of his numerous meritless and voluminous motions filed simultaneously in this and other cases in state court went unanswered, because the arguments were repetitive to prior motions, the court could rely on the arguments and facts set forth in prior Memorandums in Opposition to the motions seeking a re-

imposition of the stay. For example, on March 16, 2016 Appellant filed a Motion for Preliminary Injunction and Extended Stay for Violations of 11 USC § 362. The arguments set forth in Appellee's Memorandum are relevant herein:

1. **Defendants had no notice of Appellant's bankruptcy filing at the times in question.**

Appellant claims that Appellee violated the automatic stay. However, there was no violation of the stay and, if there was a violation, it was not a knowing or willful violation. Appellee had no notice of any bankruptcy filing at the times in question and Appellant cannot prove same. Appellant's entire argument was based on an assumption that regular United State mail from Honolulu to Hilo takes one day[3] (which it does not) and that Appellee's law office was open and accepting mail delivery on the weekends (which it was not). [AA 2:2]. Because the acts alleged by the Appellant were acts that took place prior to any notice of bankruptcy being received by Appellee, there was no basis for relief and the Court correctly decided that Appellee did not violate the Automatic Stay.

Section 362(k)(1) of the Bankruptcy Code provides a damage remedy for an injury by violation of the stay providing that, "an

---

[3] Hawaii Rules assume mail takes more than one day. HRCP 6(e) provides: "**Whenever** a party has the right or is required to do some act or take some proceedings within a prescribed period after the **service of a notice** or other paper upon him and the notice or paper **is served upon him by mail, <u>2 days</u> shall be added to the prescribed period.**" [emphasis added].

individual injured by any **willful** violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages". [Emphasis added].  However, Appellant did not seek any damages.  Once Appellee learned of Appellant's bankruptcy, all efforts to collect from him stopped and remained stopped until the stay was lifted.   [AA 9:3.] Nothing in the record shows otherwise and the Court was correct to find no willful violation of the stay on the part of Appellee.

Assuming, arguendo, that there was a stay violation and that Appellant's Motion sought damages, Appellant failed to establish three elements: (1) a violation of the stay, (2) that the violation was willful, and (3) that the debtor was injured by the violation. Appellant had the burden to establish the above and he did not met this burden.   The Appellant must prove that Appellee's actions were willful and he could not because they were not. *Eskanos & Adler, P. C. v. Roman (In re Roman)*, 283 B.R. 1, 7-8 (B.A.P. 9th Cir.), affirmed, 309 F.3d 1210, 1215 (9th Cir. 2002).   To be "willful", the creditor must know of the automatic stay, and its actions that violate the stay must be intentional. *Eskanos & Adler*, 309 F.3d at 1215.  Appellee had no way of knowing and in fact did not know that Appellant had filed for bankruptcy at the time of the alleged stay violations.  Appellant offered nothing but speculation and conjecture as his "proof" that Appellee had

20

notice of the stay. [AA: entire record]. Appellant's assumptions were unreasonable. He could have easily e-mailed or otherwise contacted Appellee immediately upon filing his Bankruptcy Petition to inform Appellee of the stay but he did not. Instead Appellant mailed the Notice of Filing via Regular U.S. Mail on Thursday, March 10, 2016, which he admits. [AA 8:4]. Hawaii mail takes more than one day and is not processed at the undersigned's law firm on weekends. *Id.* Because Appellant's bankruptcy petition was filed on a Thursday and notice was sent via regular mail from Honolulu, Monday, March 14, 2016 was the earliest possible business day that Appellee could have had any notice of Appellant's Bankruptcy via regular U.S. Mail. As soon as the Notice was received, a Motion for Relief from Stay was filed and all collection efforts ceased pending disposition of the Motion. Appellant's characterization of events was not substantiated nor plausible and the relief he sought was unreasonable. For this reason the Bankruptcy Court ruling as to this issue on appeal should be affirmed.

**<u>Issue #2</u>**

A. [per Appellant's Opposition to Motion to Dismiss]:

Did Sulla violate his Disqualification Order issued by Judge Puglisi? Likewise, was this question substantively addressed in court, or where material facts and due process neglected in violation of the Appellant's rights?

B. [per Appellant's Opening Brief]:

Did the court erroneously state that "On June 10, 2016, the writ of ejectment was enforced and Dr. Horowitz was evicted from the property"-an error concealing Sulla's criminal trespass recorded by police on that date?

C. [Per Appellant's Designation of the Record on Appeal and Statement of Issues]:

The court erroneously stated "On June 10, 2016, the writ of ejectment was enforced and Dr. Horowitz was evicted from the property; which controverts the facts and evidence that Mr. Sulla, in bad faith, committed an unlawful assault on the Property on that date that was precluded by, and then rebuked by Hilo Police; and Mr. Sulla's "culpable conduct" material to the Motion compounds evidence of a pattern of racketeering activity most substantive to these proceedings and related cases.

Having three different versions of the second issue on appeal makes this Answering Brief much too cumbersome.  For this reason, Appellee will again frame the issue based on his own counterstatement of the issue:   **Did the Court correctly decide that Appellee did not violate a Disqualification Order issued by Judge Puglisi?**

Appellant's assumes that if an attorney is disqualified in one case, he is automatically disqualified for all other cases involving the same parties.  This assumption is incorrect. Appellant needed to bring a Motion to Disqualify in the bankruptcy matter and not rely on the prior order in a prior non-bankruptcy matter that has since been remanded.  It is not clear if the federal courts Order to disqualify continues to be effective after remand as the remand was an assertion by the federal court that it

did not have jurisdiction to hear the case.   Further, the order was based on Appellee as a potential witness in relation to counterclaims that were subsequently dismissed and in a case that is now closed without Appellee ever being called as a witness. [AA 2:5].   For this reason it is not even clear that the disqualification order is still in effect.  Appellant never sought clarification from the court as to whether or not the Order to Disqualify Appellee was still in effect or even applied at all to the bankruptcy matter.   There was no Motion from Appellant requesting disqualification and thus no appeal can be had on this issue and the Bankruptcy court ruling should be affirmed. Disqualification is never automatic.

**<u>Issue #3</u>**

A. [per Appellant's Opposition to Motion to Dismiss]:

Did the BK Court err in "harboring" Sulla by asserting a "Rule 11" preclusion? Is the holding by the court that Appellant had not complied with the "safe harbor" of rule 9011(c)(1)" clearly erroneous? (a) Was Sulla required by the Appellant's filings "to withdraw [his] position" that creditor Jason Hester had valid standing to petition the court to lift the Stay? And (b) Was FRBP Rule 901 l(c)(1)(A) violated, since this law clearly provides an exception to the 21-day "safe harbor" stating it "shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b )"? In other words, was it within the court's jurisdiction, and not an abuse of discretion or clearly erroneous, to have denied the Motion to Show Cause based on a Rule 11 "safe harbor" provision, given Sulla's history of fraudulently concealing Hester as Sulla's "sham plaintiff'-evidenced by Sulla's set of forged and altered documents he verified by perjury to conceal his interests and represent Hester's purported entitlements?

B. [per Appellant's Opening Brief]:

   Did the court err in neglecting a pattern of "culpable conduct" Sulla committed to convert the Property to Sulla's own possession?

C. [Per Appellant's Designation of the Record on Appeal and Statement of Issues]:

   The court erred in ruling that: (a) "Dr. Horowitz has not established that any violation was willful;" (b) "Dr. Horowitz has not carried his burden of proving that Mr. Sulla had actual knowledge of the bankruptcy filing when the writ was affixed to the gate;" and (c) when the court clearly erroneously neglected subsequent willful efforts by Sulla to eject the Appellant during the "breather" for which Congress enacted the automatic stay. (Dkt # 139 p. 4)

Having three different versions of the third issue on appeal makes this Answering Brief much too cumbersome.  For this reason, Appellee will again frame the issue based on his own counterstatement of the issue: **Did the Court correctly hold that Appellant had not complied with the "safe harbor" of rule 9011(c)(l)?**

Rule 11 provides that attorneys may be sanctioned if they, among other things, fail to make a reasonable inquiry into the legal legitimacy of a pleading. *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010). The relevant standard for compliance with this rule is that an attorney's conduct must be "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). "[A] district court's decision to impose sanctions [is reviewed] for abuse of discretion." *Zukv. E. Pa. Psychiatric Inst. of the*

24

*Med. Coll. of Pa.*, 103 F.3d 294, 298 (3d Cir. 1996). Rule 11 "imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (en banc); see also *In re Miller*, 730 F.3d 198, 204 (3d Cir. 2013). One such obligation is the 21-day safe harbor, which provides that a Rule 11 motion "must be served under Rule 5, [and] it must not be filed [with] ... the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service .... " Fed. R. Civ. P. 1 l(c)(2). The safe harbor is intended to "protect[] litigants from sanctions whenever possible in order to mitigate Rule 11 'chilling effect, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourag[ e] the withdrawal of papers that violate the rule without involving the district court .... " Charles Alan Wright et al., Federal Practice and Procedure§ 1337.2 (3d ed. 2016).

Strict compliance with the safe harbor rule of Fed. R. Bankr. P. 9011 is required. *Miller*, 730 F.3d at 204.  Courts have held that Rule 9011 and Rule 11 are equivalent, and that "cases decided pursuant to Rule 11 also apply to Rule 9011." *Id*. at 204 n.4 (alterations omitted) (quoting *In re Gioioso*, 979 F.2d 956, 960

(3d Cir. 1992)). Therefore, Appellant must have served his Rule 11 motions 21 days before filing them with the Court. There is no doubt that Appellant did not do so.  Rule 9011 motions should be served promptly.  Appellee was never properly served with a Rule 11 motion prior to the request for sanctions being filed with the court.  "[T]he court ha[s] discretion in deciding when it is 'practicable' to file a sanctions motion." *Camuso v. Nat'l R.R. Passenger Corp.*, 2000 WL 502707, at *2 n.2 (E.D. Pa. Apr. 25, 2000), appeal dismissed, 267 F.3d 331 (3d Cir. 2001).

Not only was Appellee's representation of Mr. Hester reasonable, he was never provided sufficient notice of Appellant's attempt to sanction Appellee.  As such, the bankruptcy court decision not to impose sanctions should be affirmed.

**<u>Issue #4</u>**

A. [per Appellant's Opposition to Motion to Dismiss]:

Did Sulla's alleged forgery, perjury, and fraud upon the court, and failure to file any opposition to the Motion to Show Cause, permit precluding a sanctions hearing on the Motion? Alternatively, was the Appellant's right to adjudication on the merits and due process denied?

B. [per Appellant's Opening Brief]:

Did the court err in stating, "even if there were a willful violation, Dr. Horowitz has not established that the mere posting of the writ on the front gate caused him to suffer any quantifiable injury," when "quantifiable" damage was evidenced by attorney Wille's invoice for services rendered March 13-15, 2016?

C. [Per Appellant's Designation of the Record on Appeal and Statement of Issues]:

The court erred in neglecting the Appellant's testimony and evidence of having suffered $3,900 in attorneys fees simply from the March 12, 2016 alleged violation, severe distress, and more attorneys fees and more distress during the weeks that followed due to additional stay violations by Mr. Sulla, controverting in the court's ruling that "even if there were a willful violation, Dr. Horowitz has not established that the mere posting of the writ on the front gate caused him to suffer any quantifiable injury." (Dkt # 139 p. 4)

Having three different versions of the fourth issue on appeal makes this Answering Brief much too cumbersome. For this reason, Appellee will again frame the issue based on his own counterstatement of the issue: **Did the court err in stating that Dr. Horowitz has not established that he suffered quantifiable damage from the alleged violation of stay?**

The court did not err. The only injury alleged by Appellant is his attorney's fees. However, there was already a Motion for Stay Pending Appeal filed by the Appellant on March 3, 2016 on calendar for a hearing to occur on April 28, 2016 in the State of Hawaii Third Circuit Court matter *Hester v. Horowitz et al.*, Civ. No. 14-1-0304. [AA 9:4]. The filing of the "Emergency Motion" --for which Appellant is claiming damages in the form of attorney's fees-- on March 14, 2016 in Circuit Court while the bankruptcy was pending was unnecessary and redundant. *Id.* Appellant's dispute as to his excessive attorney fees is a claim Appellant should bring against his own attorney. All Appellant's counsel had to do in

the state court matter was file an ex parte request for a shortened time for hearing on the existing Motion for Stay Pending Appeal but she did not.  Instead she racked up unnecessary legal fees and charged her distressed client an unnecessary $4,000 bill.  The court later set the Motion as a hearing motion to be heard on the same day --April 18, 2016-- as Appellant's other Motion for Stay Pending Appeal, which was already on calendar. [AA 9:4-5]. The "Emergency Motion" was not only improperly designated as a non-hearing motion, it put Appellee in an awkward position: how can he file an Opposition to Appellant's Motion to Stay which was filed in Circuit Court while the case was automatically stayed because of the bankruptcy?  The Motion filed by Appellant during the bankruptcy stay was a violation of his own stay by his own attorney.

Appellant must establish a claim for actual damages with reasonable certainty; a claim cannot be speculative or based upon conjecture.  *Id*.  In determining whether an award for damages was reasonable, the first step was to ascertain whether the creditor or the debtor created the injury. *In re Roman*, 283 B.R. 1, 12 (B.A.P. 9th Cir. 2002).  In this matter the injury or damages claimed were created purely by Appellant and his attorney. Appellant's counsel drafted an unnecessary and duplicative motion in the state court action.  The court did not err when it ruled that there were no damages.

**Issue #5**

    A. [per Appellant's Opposition to Motion to Dismiss]:

        Did the court err by vicariously answering for Sulla in lieu of Sulla not answering for himself; and did the court-precluded hearing on Motion evidence bias and injustice?

    B. [per Appellant's Opening Brief]:

        Did the court abused its discretion by ruling prejudicially "even a willful stay violation would not (except perhaps in extreme circumstances not present here) support an order prohibiting the violator from objecting to confirmation of a plan? Did the Court deny Appellant of his constitutional right to participate in litigation that affects his interest? Did the court prejudicially levy upon the Appellant (compounding damages) by denying the Appellant's "constitutional right to participate in litigation" by precluding the Appellant's hearing on the Motion to Show Cause and defend his Property pursuant to 11 U.S.C. § 558?

    C. [Per Appellant's Designation of the Record on Appeal and Statement of Issues]:

        The court abused its discretion by ruling prejudicially "even a willful stay violation would not (except perhaps in extreme circumstances not present here) support an order prohibiting the violator from objecting to confirmation of a plan and wrongfully denied the Appellant's "constitutional right to participate in litigation" by denying the Appellant a fair and just hearing on the merits of this Motion.

    Having three different versions of the fifth issue on appeal makes this Answering Brief much too cumbersome.  For this reason, Appellee will again frame the issue based on his own counterstatement of the issue:  **Did the court err when it heard Appellant's Motion to Show Cause despite Appellee not having filed a Memorandum in Opposition to his Motion?**

    Appellant had numerous motions that said the same thing over and over again in numerous courts simultaneously.  This matter has

been going on for years and it seems that a month doesn't go by where Appellee is not accused of fantastic wrongdoing and alleged sanctionable conduct by Appellant.  Over time the pleadings have become less and less coherent, to the point where it is obvious that the strategy of Appellant is to string out the case as long as possible and waste Appellee's time as much as possible to harm Appellee's client and Appellee financially.  After a while responding to these redundant motions gets tedious and costs Appellee and his client too much.  Eventually a motion has to slip by the radar and go unopposed but, even if it does, because the motion has no merit it does not matter.  A motion that has no merit cannot be granted by the court, even if it goes by unopposed.  In this matter, there were numerous similar motions recently brought or pending at the time:

**Subject Motion:**  6/27/2016 Motion to Show Cause for Violations of Automatic Stay Defying Disqualification Order, and Bad Faith Pleadings in Judgment Creditor Paul J. Sulla's Objection to Confirmation of Amended Plan of Debtor, ECF #97 in Bankruptcy Ch. 13 action. Hearing Date:  9/15/2016

**Other Motions & Hearings between Appellant and Appellee making the same or similar allegations within 3 months of the subject motion:**

*Pending Motions/recent filings by Debtor in Circuit Court Matter Hester v. Horowitz:*
3/3/2016 Motion for Stay Pending Appeal and for the Setting of Supersedeas Bond Security During the Period of the Appeal
Hearing Date: May 11, 2016. [AA 10:20].

3/14/2016 Notice of Appeal. [*Id.*]

3/14/2016 Emergency Motion for Stay of Writ of Ejectment
Hearing Date: May 11, 2016. [AA 10:21].

5/9/2016 Motion for Continuance [AA 10:23].
Hearing Date: May 11, 2016

*Pending Motions/ recent filings by Debtor in Adversary Proceeding*:

3/9/2016 Adversary Complaint filed.  [AA 4:3].

3/18/2016 Motion for Preliminary Injunction and Extended Stay for Violations of 11 USC Section 362 By Defendants in Adversarial Proceeding [AA 4:4]
Hearing Date: May 13, 2016 (shortened to April 29, 2016).

3/22/2016 Motion to Shorten Time for Application for Preliminary Injunction.  [AA 4:5].

5/10/2016 Notice of Appeal.  [AA 4:8].

7/19/2016 Motion for Reconsideration or in the Alternative Removal of Pending Claims.  [AA 4:15].

8/5/2016 Motion to Withdraw Reference.  [AA 4:15].

*Pending Motions/ recent filings by Debtor in 2005 Hester v. Horowitz matter on Appeal as Case No. CAAP-16-0000162:*

3/13/2016 Notice of Appeal.  [AA 11:2].

6/14/2016 Motion to Consolidate Appeals.  [AA 11:4].

6/15/2016 Motion for Stay/ Emergency Motion for TRO.  [AA 11:5].

6/22/2016 Motion for Leave to File Reply in Support of above Motion.  [AA 11:7].

8/25/2016 Opening Brief.  [AA 11:8].

*Pending Motions/ recent filings by Debtor in* 2014 *Hester v. Horowitz matter on Appeal as Case No. CAAP-16-0000163:*
3/13/2016 Notice of Appeal.  [AA 12:1].

6/14/2016 Motion to Consolidate. [AA 12:4].

6/24/2016 Motion for Extension of Time. [AA 12:5].

7/12/2016 Motion to Supplement Record. [AA 12:6].

31

With so many of the above motions and pleadings pending filed by Appellant and all requiring a response, the motion on appeal fell through the cracks with no formal opposition being filed, but a verbal opposition being offered instead via Appellee's appearance at the hearing.  Even if this one motion among the nineteen other filing above did not slip through the cracks of Appellee's law firm's docketing system, no opposition was necessary.  Even without any opposition the Motion fails as it is not based in law or fact and the court correctly discerned as much and denied relief.  The court did not err or act in a biased way when it chose to deny the motion despite Appellee's failure to oppose it.  Further, there were enough similar motions and accusations before the same court by Appellant in prior pleadings that the motion itself was redundant and it was proper for the court to rely on the arguments submitted by Appellee in his prior pleadings for the court's decision to deny relief to Appellant.

**<u>Issue #6</u>**

A. [per Appellant's Opposition to Motion to Dismiss]:

Was the court's neglect of the Appellant's claim to rights secured by the "Crime Victims' Rights Act," and denial of the Appellant-victim-witness's due process on the Motion to Show Cause, in error?

B. [per Appellant's Opening Brief]:

Did the court erroneously apply, allegedly misrepresented, *In re Perl* to deny that Sulla's Stay violations were actionable?

32

C. [Per Appellant's Designation of the Record on Appeal and Statement of Issues]:

The court erroneously misrepresented *In re Perl* to justify its decision there was no stay violation, neglecting the vast differences between Mr. Perl's actions and those of the Appellant.

Having three different versions of the sixth issue on appeal makes this Answering Brief much too cumbersome.  For this reason, Appellee will again frame the issue based on his own counterstatement of the issue:  **Did the court err in its application of *In re Perl*?**

According to pages 3-4 of the Memorandum Decision dated September 16, 2016 "under the Ninth Circuit's controlling decision in *In re Perl* [811 F.3d 1120 (2016)] there was no stay violation. In *Perl,* a state court issued a writ of possession in a California unlawful detainer action. Before the writ was served, the Appellant filed a bankruptcy petition. The creditor enforced the writ despite the bankruptcy and locked the Appellant out of the premises. The Appellant argued that the creditor violated the automatic stay, but the Ninth Circuit held that the enforcement of the writ did not violate the stay because the prepetition issuance of the writ terminated the debtor's interest in the property. *Id.* at 1130.

The sixth issue on appeal is whether or not the Court correctly applied *In Re Perl* to determine that there was no stay violation.  Because the writ of ejectment was issued prior to the bankruptcy petition being filed, there was no longer any property

interest of Appellant included in the bankruptcy estate to which
the stay applied in relation to the Subject Property.  Appellant
fails to explain in his Opening Brief why *In Re Perl* does not apply
here nor does he cite to alternative controlling precedent that
would lead to a different result.

The Court was correct to deny Appellant's Motion for
Reconsideration

   The Notice of Appeal and Opening Brief are both unclear as to
which Orders, exactly, are being appealed.  To the extent that the
Order denying Appellant's Motion for Reconsideration is being
appealed, this Order was correctly granted.  Generally, motions
for reconsideration will be denied unless they present the trial
court with new evidence. A motion for reconsideration cannot be
used as a substitute for an appeal. In this case, the memorandum
in support of Appellant's Reconsideration Motion leaves no doubt
that nothing new was raised in the Reconsideration Motion that had
not been previously addressed before the bankruptcy court. In fact,
much of what is stated in Appellant's Motion to Reconsider is a
recitation of what he argued previously.  Nothing is asserted that
could not have been raised at hearing.  Motions for reconsideration
which merely revisit the same issues already ruled upon by the
trial court, or which advance supporting facts that were otherwise
available when the issues were originally briefed, will generally
not be granted. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th

Cir.1991). Such motions may not be used as a substitute for a timely appeal. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir.1993). *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995) aff'd, 103 F.3d 139 (9th Cir. 1996).

Because Appellant failed to present the court with new evidence that could not have been raised at the hearing on the Motion, the court did not abuse its discretion when it denied Appellant's Motion to Reconsider.

## VIII CONCLUSION

For the above reasons the decision of the Bankruptcy Court should be affirmed and/or this appeal dismissed with prejudice.

Respectfully submitted this 7th day of March, 2017.


/s/ Paul J. Sulla, Jr.
_____
Paul J. Sulla, Jr. (SBN #5398)
Pro See Appellee and Attorney for
Paul J. Sulla, Jr., Attorney at Law, a
professional corporation.

```
Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ | Civil No. 16-00549-DKW-KSC |
| Debtor/Appellant, | Chapter 13 Bankruptcy Case No.: 1:16-bk-00239 |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Creditor/Defendants/Appellees. | JUDGE:  Hon. Judge Derrick K. Watson |

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule of Practice 7.5(b), the undersigned certifies that Appellee's Answering Brief complies with the applicable word limitation set forth in Local Rule of Practice 7.5(b).  This document uses 12 point Courier New type and contains 8,843 words.

Respectfully submitted this 7th day of March, 2017.

/s/ Paul J. Sulla, Jr.
_____

36

```
Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ | Civil No. 16-00549-DKW-KSC |
| Debtor/Appellant, | Chapter 13 Bankruptcy Case No.: 1:16-bk-00239 |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Creditor/Defendants/Appellees. | JUDGE: Hon. Judge Derrick K. Watson |

### *DISCLOSURE STATEMENT*
### **CERTIFICATION REQUIRED BY BAP RULE 8015(a)-1(a)**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges of the Panel to evaluate possible disqualification or recusal:

Jason Hester – client of Appellee.

Respectfully submitted this 7th of March, 2017.

/s/ Paul J. Sulla, Jr.

37

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI  96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ | Civil No. 16-00549-DKW-KSC |
| Debtor/Appellant, | Chapter 13 Bankruptcy Case No.: 1:16-bk-00239 |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Creditor/Defendants/Appellees. | JUDGE:  Hon. Judge Derrick K. Watson |

### STATEMENT OF RELATED CASES

### CERTIFICATION REQUIRED BY BAP RULE 8015(A)-1(B)

The undersigned certifies that the following are known related cases and appeals

1) *Hester v. Horowitz et al.;* Hawaii Circuit Court for the Third Circuit Civ. No. 05-1-0196, now on appeal as ICA No. CAAP-16-0000162

2) *Hester v. Horowitz et al.;* Hawaii Circuit Court for the Third Circuit Civ. No. 14-1-0304, now on appeal as ICA No. CAAP-16-0000163

3) Bankruptcy matter *In re: Horowitz,* BK No. 16-00239 and
   related adversary proceeding *Horowitz v. Horowitz et al.,*
   BK No. 16-90015 and its appeal, BAP No. HI-16-1132
   [Dismissed].

4) *Horowitz v. Sulla et al.*, U.S. District Court for the
   District of Hawaii Civ. No. 15-00186 JMS-BMK
   [administratively stayed pending conclusion of state
   cases].


Respectfully submitted this 7th of March, 2017.

                        /s/ Paul J. Sulla, Jr.
                        _____
                        Paul J. Sulla, Jr. (SBN #5398)
                        Attorney for Appellee Jason Hester

Paul J. Sulla, Jr. (SBN 5398)
Attorney at Law
P.O. Box 5258
Hilo, HI 96720
Telephone: 808/933-3600
Facsimile: 808/933-3601

Pro Se and as Attorney for
Defendant/ Appellee Paul J.
Sulla, Jr., Attorney at Law,
a professional corporation

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEONARD G. HOROWITZ | Civil No. 16-00549-DKW-KSC |
| Debtor/Appellant, | Chapter 13 Bankruptcy Case No.: 1:16-bk-00239 |
| vs. | |
| PAUL J. SULLA, JR. et. al. | |
| Creditor/Defendants/Appellees. | JUDGE: Hon. Judge Derrick K. Watson |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Hawaii by using the CM/ECF system on March 7, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted this 7th of March, 2017.

/s/ Paul J. Sulla, Jr.

40