IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LEONARD G. HOROWITZ,<br><br>        Appellant,<br><br>vs.<br><br>PAUL J. SULLA, JR., *et al.*,<br><br>        Appellees. | CV. NO. 16-00549 DKW-KSC<br><br>Bankr. No. 16-00239<br>Adv. No. 16-90015<br><br>**ORDER DISMISSING APPEAL** |

## **INTRODUCTION**

Appellant Leonard G. Horowitz, proceeding pro se, filed an interlocutory appeal from a bankruptcy court order denying his motion for reconsideration of the earlier denial of his motion seeking attorneys' fees and sanctions against Appellee Paul J. Sulla, Jr. Horowitz and Sulla have for years engaged in protracted litigation in multiple venues concerning a real property dispute. In the present appeal, Horowitz contends that the bankruptcy judge erred by finding no misconduct on the part of Sulla, an attorney, for violation of the automatic stay and denying his request for Sulla's disqualification.

Because Horowitz fails to make a threshold showing of any apparent need for immediate review of the bankruptcy court's interlocutory order, the Court denies leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) and Federal

Rule of Bankruptcy Procedure 8004.   Appellees' Motion to Dismiss is accordingly

GRANTED.   Horowitz's Motion for Judicial Notice is DENIED.[1]

## BACKGROUND

## I.   Bankruptcy Proceedings

Horowitz is the debtor in the underlying Chapter 13 bankruptcy proceeding

initiated on March 9, 2016.   *See* Bankr. No. 16-00239, Dkt. No. 1.   Sulla is a

creditor.   Horowitz and Sherri Kane were also Plaintiffs in a bankruptcy adversary

proceeding involving Sulla, Adv. No. 16-90015, and Horowitz was a party in

---

[1] Horowitz asks the Court to take judicial notice of "newly discovered evidence."   This evidence consists of six documents publicly filed at the State of Hawaii Bureau of Conveyances and in the State courts.   Although all of these documents pre-date the bankruptcy court order at issue in this appeal, none of them was presented to the bankruptcy court for consideration.   *See* Civ. No. 16-00549, Dkt. No. 10.   Courts sitting in an appellate capacity typically will not consider issues raised for the first time on appeal when the bankruptcy court had no opportunity to consider them. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 n.9 (2010) ("We need not settle that question, however, because the parties did not raise it in the [bankruptcy] courts below."); *Scovis v. Henrichsen (In re Scovis)*, 249 F.3d 975, 984 (9th Cir. 2001) (holding that court would not consider issue raised for the first time on appeal absent exceptional circumstances).   Nor will courts consider facts and documents available but not presented below.   *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 512 n.5 (9th Cir. 2001); *Kirschner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077–78 (9th Cir. 1988).   Horowitz offers no explanation for his failure to offer any of these previously available public documents into the bankruptcy court record.   Accordingly, his tardy request is denied.

numerous other federal and state cases involving the same persons and/or property.[2] In the Adversary Proceeding, Horowitz sought monetary and injunctive relief regarding real property located at 13-3775 Pahoa-Kalapana Road, Pahoa, Hawaii 96778 (the "Property"). Horowitz and Kane alleged an assortment of misconduct on the part of Sulla, Sulla's client Jason Hester, and the judges who presided over several state court lawsuits, among others. *See* Complaint, Adv. No. 16-90015, Dkt. No. 2.

Horowitz acquired the Property in 2004, but lost it via nonjudicial foreclosure to Hester in 2010. *See* Complaint, Adv. No. 16-90015. In 2014, Hester filed a quiet title action against Horowitz and others, which eventually resulted in the state court issuing a writ of ejectment against Horowitz and Kane on March 1, 2016. *See Hester v. Horowitz*, Civ. No. 14-1-0304, on appeal as Case No. CAAP-16-000163. About a week later, on March 9, 2016, Horowitz filed for bankruptcy protection. On April 15, 2016, the bankruptcy court granted relief from the automatic stay to

---

[2]*See, e.g., Horowitz v. Sulla*, Civ. No. 15-00186 JMS-BMK; *Horowitz v. Sulla*, Civ. No. 16-00433 DKW-KSC (D. Haw. Sept. 30, 2016) (denying motion to withdraw reference); *Hester v. Horowitz*, Civ. No. 05-1-0196, on appeal as Case No. CAAP-16-0000162; *Hester v. Horowitz*, Civ. No. 14-1-0304, on appeal as Case No. CAAP-16-000163. *See also Horowitz v. Sulla*, Civ. No. 17-00014 LEK-KSC (D. Haw. Feb. 17, 2017) (remanding case to state court); *Horowitz v. Sulla*, Civ. No. 13-00500 HG-BMK (D. Haw. Mar. 17, 2014) (dismissing case with prejudice); *Hester v. Horowitz*, Civ. No. 14-00413 JMS (D. Haw. Jan. 8, 2015) (remanding case to state court); *Sulla v. Horowitz*, Civ. No. 12-00449 SOM-KSC (D. Haw. Oct. 4, 2012) (remanding case to state court).

permit enforcement of the writ. *See* 4/15/16 Order Granting Relief, Bankr. No. 16-00239, Dkt. No. 32.

Several Defendants moved in bankruptcy court for dismissal of the Adversary Proceeding and alternatively asked the bankruptcy court to abstain pursuant to 28 U.S.C. § 1334(c). The bankruptcy court granted the motion, and on July 26, 2016, denied the motion for reconsideration, concluding that discretionary abstention was justified because Plaintiffs' Adversary Complaint improperly sought to overturn final judgments of Hawaii state courts. *See* Adv. No. 16-90015, Dkt. Nos. 104 and 111.

Following the bankruptcy court's denial of confirmation of his initial and second Chapter 13 plans, Horowitz filed a third plan on August 5, 2016. Bankr. No. 16-00239, Dkt. No. 115. In a September 16, 2016 Order, the bankruptcy court denied the third plan and dismissed the Chapter 13 case. *See* 9/16/16 Mem. Decision Regarding Plan Confirmation, Bankr. No. 16-00239, Dkt. No. 138. The bankruptcy judge based his decision on the following conclusions:

> It is abundantly clear that Dr. Horowitz filed this case in order to secure a forum in which he can litigate and attack state court decisions against him and in favor of Mr. Sulla, Mr. Sulla's client, and others. All of Dr. Horowitz's papers and oral presentations are filled to the brim with argument, accusations, and invective concerning the foreclosure of property in which Dr. Horowitz had an interest, the state court proceedings that validated it, and cases brought by Dr. Horowitz in federal district

court to attack it. According to his schedules, Dr. Horowitz's most valuable asset by far is his legal case against Sulla et al.

\* \* \* \*

Simply put, Dr. Horowitz has no need for relief under chapter 13. He has filed this case for the sole purpose of mounting a collateral attack on adverse state court decisions. Considering the totality of the circumstances, Dr. Horowitz has not carried his burden of proving that he filed this case and his plan in good faith.

\* \* \* \*

It is hard to imagine how Dr. Horowitz could propose a confirmable plan that would also serve his overriding goal of relitigating his dispute with Sulla et al. in this court. Therefore, this case should not be prolonged any further and is dismissed.

9/16/16 Mem. Decision Regarding Plan Confirmation, Bankr. No. 16-00239 at 5.

That same day, the bankruptcy court issued an Order to Show Cause why the Adversary Proceeding should not be dismissed, based on the dismissal of the underlying bankruptcy case. *See* 9/16/16 OSC, Adv. No. 16-90015, Dkt. No. 122. The bankruptcy court thereafter dismissed the Adversary Proceeding on October 14, 2016. *See* Adv. No. 16-90015, Dkt. Nos. 128 (Order of Dismissal) and 129 (Final Judgment).

On September 19, 2016, the bankruptcy court entered an Order Denying Confirmation and Dismissing Case. *See* Bankr. No. 16-00239, Dkt. No. 143.

## II. Issues On Appeal To District Court

### A. Memorandum Of Decision On Alleged Misconduct By Sulla

On September 16, 2016, the same day it issued its Memorandum of Decision

Regarding Plan Confirmation, the bankruptcy court also issued a Memorandum of

Decision on Debtor's Alleged Misconduct by Paul Sulla, Jr. *See* 9/16/16 Order,

Bankr. No. 16-00239, Dkt. No. 139. That order denied Horowitz's Motion to Show

Cause for Violations of Automatic Stay, Defying Disqualification Order and Bad

Faith Pleadings in Judgment Creditor Paul Sulla, Jr.'s Objection to Confirmation of

Amended Plan of Debtor ("Motion To Show Cause"), filed on June 27, 2016, in the

Chapter 13 case. *See* Bankr. No. 16-00239, Dkt. No. 97. The bankruptcy court

found that Sulla (1) did not violate the automatic stay; (2) should not be disqualified

from representing Hester in the bankruptcy matter; and (3) is not liable to Horowitz

for sanctions under Federal Rule of Civil Procedure 11 or its bankruptcy counterpart.

### 1. No Violation Of The Automatic Stay

The bankruptcy court observed that Horowitz commenced his Chapter 13

case on March 9, 2016—shortly after the state court issued the writ of ejectment on

March 1, 2016. On March 11, 2016, the Bankruptcy Noticing Center mailed notice

of the bankruptcy filing to Hester and Sulla. At some point prior to 7:24 p.m. on

March 12, 2016, a copy of the writ of ejectment was taped to the front gate of the

Property. *See* 9/16/16 Order at 2. On March 18, 2016, Sulla filed a motion for relief from the automatic stay to permit enforcement of the writ of ejectment, which the bankruptcy court granted on April 15, 2016. On June 10, 2016, the writ of ejectment was enforced and Horowitz was evicted from the property. *See* 9/16/16 Order at 2-3.

For purposes of Horowitz's Motion To Show Cause, the relevant time period was between March 9, 2016 and April 15, 2016. The bankruptcy court explained that "the only conduct during the relevant period that might amount to a stay violation was the affixing of the writ of ejectment to the front gate of the Property, presumably by a process server acting for Sulla." 9/16/16 Order at 2-3. The bankruptcy judge concluded that this conduct did not amount to a violation of the automatic stay. Citing a controlling Ninth Circuit decision, *In re Perl*, 811 F.3d 1120 (9th Cir. 2016), involving similar facts, the bankruptcy judge found no stay violation.[3] *See* 9/16/16 Order at 3-4. Moreover, the bankruptcy judge concluded that, even if there had been a violation, Horowitz did not establish that the violation

---

[3]In that case, a state court issued a writ of possession in a California unlawful detainer action. Before the writ was served, however, the debtor filed a bankruptcy petition. The creditor enforced the writ despite the bankruptcy stay and locked the debtor out of the premises with the debtor's possessions still inside. The debtor argued that the creditor violated the automatic stay, but the Ninth Circuit held that the enforcement of the writ did not violate the stay because the pre-petition issuance of the writ terminated the debtor's interest in the property. *See* 811 F.3d at 1130. The bankruptcy court reasoned that, although *Perl* is based on the pre-petition effect of a writ of possession under California law, the same result would likely "apply to a writ of ejectment under Hawaii law." *See* 9/16/16 Order at 3-4.

was willful by proving that Sulla had actual knowledge of the bankruptcy filing when the writ was affixed to the gate. *See* 9/16/16 Order at 4 ("A violation is 'willful' if the creditor knew of the automatic stay and its actions that violate the stay were intentional.") (quoting *Eskanos & Adler, P .C. v. Roman (In re Roman)*, 283 B.R. 1, 7–8 (B.A.P. 9th Cir.), *aff'd*, 309 F.3d 1210, 1215 (9th Cir. 2002)).

Further, even if there had been a willful violation, the bankruptcy judge concluded that (1) Horowitz failed to establish that the posting of the writ on the front gate caused him to suffer any quantifiable injury; and (2) it would not (except perhaps in extreme circumstances not present here) support an order prohibiting Sulla from objecting to confirmation of a plan. *See* 9/16/16 Order at 4.

## 2. <u>Disqualification Not Warranted</u>

Horowitz sought Sulla's disqualification based upon a prior ruling by a federal magistrate judge in a different matter, in which Sulla was a necessary witness on several of the claims before the district court. Horowitz argued unsuccessfully before the bankruptcy judge that Sulla violated the district court's unrelated order by appearing in this bankruptcy case. *See* 9/16/16 Order at 5. The bankruptcy judge instead concluded that "[t]he fact that one court disqualified Mr. Sulla does not require all courts to do so. Further, there is no reason to think, [that] Sulla's testimony will be necessary in this bankruptcy case, [because, in] a separate order

entered concurrently with this order, I have dismissed this bankruptcy case for reasons unrelated to any testimony Mr. Sulla might be able to give." 9/16/16 Order at 5.

### 3. Horowitz Did Not Comply With Fed.R.Bankr.P. 9011

Last, the bankruptcy judge rejected the request for sanctions because Horowitz did not comply with the safe harbor provision of Federal Rule of Bankruptcy Procedure 9011(c)(1). *See* 9/16/16 Order at 5. Although Horowitz invoked Federal Rule of Civil Procedure 11 at the beginning of his motion, he did not discuss the rule elsewhere in his request for sanctions. Because Horowitz did not serve an unfiled copy of the motion or give the target of the motion 21 days to correct the alleged misconduct, the bankruptcy judge found that he failed to comply with the requirements of Federal Rule of Bankruptcy Procedure 9011. "There is no indication that . . . Horowitz complied with the safe harbor, so sanctions are not available under rule 9011." 9/16/16 Order at 5.

### B. Order Denying Motion For Reconsideration

Horowitz filed a Motion for Reconsideration on September 26, 2016. *See* Bankr. No. 16-00239, Dkt. No. 148 ("Mot. for Recon."). The Motion for Recon alternatively sought removal of pending claims "of alleged automatic stay violations requiring due process, intertwined with remaining claims in the Adversary

Proceeding, to bring long-overdue [sic] trial on the merits." Mot. for Recon. at 2. Horowitz argued that the bankruptcy court's denial of his Motion To Show Cause violated his due process rights and "unreasonably, inequitably, unjustly and un-Constitutionally helped Sulla convert the estate Property to Sulla/Hester in violation of, inter alia, 42 U.S.C. § 1981." Mem. in Supp. of Mot. for Recon. at 17. According to Horowitz, "[i]n this spirit of judicial corruption, the [bankruptcy] [c]ourt's Orders reflect abstinence from 'good behavior' in the face of prima facie evidence of Sulla's forgery(ies) of . . . signatures, perjury, false filings with the State, and wire fraud contributing to real Property conversion." Mem. in Supp. of Mot. for Recon. at 17.

The bankruptcy judge denied the Motion for Recon on September 29, 2016. *See* 9/29/16 Order, Bankr. No. 16-00239, Dkt. No. 150. The Order Denying Debtor's Motion to Reconsider noted that Horowitz sought relief under Federal Rule of Civil Procedure 60, made applicable by Federal Rule of Bankruptcy Procedure 9024. *See* 9/29/16 Order at 1. Because Horowitz did not specify which subsection of Rule 60(b) formed the basis for his reconsideration request, the bankruptcy court considered each of them, concluding that "there is no support for relief from the [9/16/16] order under any provision of Rule 60(b)(1)–(5)." 9/29/16 Order at 2. The bankruptcy court also specifically found that—

> There is no newly discovered evidence that could not have been or was not raised in the underlying motion. The facts stated in the reconsideration motion were also raised numerous times in various motions before this court as well as in the state court actions where debtor lost title to the property. Furthermore, there are no unusual or extraordinary circumstances that would justify relief under Rule 60(b)(6).

9/29/16 Order at 2. On these bases, the bankruptcy court denied the Motion for Recon.

The instant appeal followed.

## C.   <u>Horowitz's Appeal To District Court</u>

Horowitz's Notice of Appeal, filed on October 4, 2016, erroneously lists the "judgment, order, or decree appealed from" as his "Motion To Show Cause For Violations of Automatic Stay Defying Disqualification Order, and Bad Faith Pleadings In Judgment Creditor Paul J. Sulla Jr.'s Objection to Confirmation of Amended Plan of Debtor." *See* Notice of Appeal and Statement of Election, Civ. No. 16-00549, Dkt. No. 1-1; Bankr. No. 16-00239, Dkt. No. 157. Attached to the Notice of Appeal are the following exhibits: (1) the first page of Horowitz's Motion To Show Cause (Ex. 1); (2) the bankruptcy court's Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr. (Ex. 2); (3) the bankruptcy court's Order Denying Debtor's Motion to Reconsider (Ex. 3); (4) the Notice of Dismissal of Chapter 13 case and bankruptcy court certificate of notice, dated September 19,

2016 (Ex. 4); and (5) a district court order in *Hester v. Horowitz*, Civ. No. 14-00413 JMS-RLP (D. Haw. Jan. 5, 2015) (Ex. 5).

In his Designation of the Record on Appeal and Statement of Issues, Horowitz states that he is appealing the bankruptcy court's Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr. (Bankr. No. 16-00239, Dkt. No. 139), "and the court's simultaneous filing of Memorandum Decision Regarding Plan Confirmation [(Bankr. No. 16-00239, Dkt. No. 138)] based substantially on the alleged misconduct of Mr. Sulla;" and Order Denying Debtor's Motion to Reconsider (Bankr. No. 16-00239, Dkt. No. 150). Civ. No. 16-00549, Dkt. No. 3-3 at 2.[4] Horowitz's Notice of Appeal did not include a motion for leave to file an interlocutory appeal or otherwise seek leave of court to appeal from the denial of his Motion To Show Cause. As of the date of this Order, no final decree or judgment

---

[4]Just as confusing, Horowitz's Opening Brief states that he is—

> appealing from the U.S. Bankruptcy Court in Honolulu, Hawaii, and the Honorable Judge Robert J. Faris's Memorandum of Decision on Debtor's Alleged Misconduct By Paul J. Sulla, Jr. of September 16, 2016 (Exhibit 1; Dkt. # 139); and the court's simultaneous filing of Memorandum Decision Regarding Plan Confirmation (Exhibit 2; #138), pursuant to matters of alleged misconduct of attorney-debtor-in-privity, and alleged creditor, Paul J. Sulla, Jr. . . . involving conversion of the Appellant's principal residence; and Order Denying Debtor's Motion to Reconsider (Exhibit 3, Dkt. # 150) filed by the court September 29, 2016.

Horowitz Opening Br. at 1-2, Civ. No. 16-00549, Dkt. No. 5.

has entered in the Chapter 13 case, although the case was dismissed on

September 19, 2016.

## III.  <u>Appellees' Motion to Dismiss</u>

On January 24, 2017, Sulla, individually and as a professional law

corporation, filed a Motion to Dismiss listing the following procedural and

substantive grounds for dismissal—

> 1) the Notice of Appeal is unclear; as it pertains to the September 16, 2016 Order in ECF Dkt #138, it is untimely;

> 2) The Opening Brief is over the page limit by 13 pages;

> 3) The Opening Brief is incoherent and impossible to formulate a coherent response to;

> 4) No points of error are designated as such so it is unclear what, exactly, the points of error are that are being litigated;

> 5) The underlying bankruptcy and adversary proceeding matters have both been dismissed;

> 6) The matter is moot and this court lacks jurisdiction to hear the Appeal;

> 7) Appellant's Opening Brief is not substantially compliant with the governing rule of procedure because it includes facts not properly cited to the Record on Appeal;

> 8) The Opening Brief fails to show where in the Record Appellant objected to the Points of Error raised and thus those objections have been waived;

9) The Appeal is Interlocutory and there is no accompanying Motion for Leave to File Appeal as required by Rule 8004;

10) The appeal is frivolous;

11) The Record on Appeal is incomplete; and,

12) The Appellant is vexatious.

Mot. to Dismiss, Civ. No. 16-00549, Dkt. No. 12 at 1-2. Horowitz opposes the motion. *See* Civ. No. 16-00549, Dkt. No. 14.

## DISCUSSION

## I.     The Appeal Is Dismissed

Having considered the arguments raised in the parties' submissions, the designated record on appeal, as well as additional matters in the Chapter 13 case and Adversary Proceeding below, the Court grants the Motion to Dismiss. Because the issues on appeal do not involve a controlling question of law as to which there is a substantial ground for difference of opinion, and because an immediate appeal would not materially advance the ultimate termination of the litigation, leave of court is denied to consider Horowitz's interlocutory appeal pursuant to 28 U.S.C. §158(a)(3) and Bankruptcy Rule 8004.

### A.     Whether The Appeal Is Moot

As a preliminary matter, the Court addresses Sulla's claim that the appeal is moot because both the Chapter 13 case and related Adversary Proceeding have been

dismissed, the Property has been transferred, and Horowitz has been dispossessed. *See* Mot. to Dismiss at 7-8. Two other appeals stemming from the Chapter 13 case and Adversary Proceeding have also been dismissed.[5] The instant appeal, however, is not moot based upon the dismissal of the underlying bankruptcy case, Adversary Proceeding, or disposition of the Property or other assets of the bankruptcy estate.

The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief if the appeal is decided in favor of appellant. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012). Here, the dismissal orders entered by the bankruptcy court would not render moot the relief sought if the appeal were decided in favor of Horowitz, including actual damages, costs and attorneys' fees for violations of the automatic stay, Rule 9011 sanctions, or Sulla's disqualification. *See, e.g.*, *In re Davis*, 177 B.R. 907, 911 (B.A.P. 9th Cir. 1995) ("The weight of authority suggests that the dismissal of a bankruptcy case does not render moot an action for damages based on a willful violation of the automatic stay during the pendency of the bankruptcy case."); *Johnson v. Smith (In re Johnson)*, 575 F.3d 1079, 1083 (10th Cir. 2009) ("It is particularly appropriate for bankruptcy courts to maintain

---

[5]*See* BAP Case No. HI-16-1110, dismissed as moot Oct. 17, 2016, Bankr. No. 16-00239, Dkt. No. 162; and BAP Case No. HI-16-1132, dismissed as interlocutory July 18, 2016, Adv. No. 16-90015, Dkt. No. 106.

jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case."). "Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct." *In re Davis*, 177 B.R. at 911 (citations omitted).[6]

As a result, Horowitz's appeal is not moot.

## B. Leave To Appeal An Interlocutory Order Is Denied

Generally, an interlocutory order like those at issue here may be appealed only with leave of the district court. *See* 28 U.S.C. § 158(a)(3). "An interlocutory order is one which does not finally determine a cause of action but decides only an intervening matter, and which requires further steps to be taken for the cause of action to be adjudicated on the merits." *In re Eleccion*, 178 B.R. 807, 808 (B.A.P. 9th Cir. 1995).[7] The relevant statute, 28 U.S.C. § 158, provides as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals

---

[6]In analogous circumstances, sanctions proceedings may continue despite the termination of the underlying case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98, (1990) (voluntary dismissal of a lawsuit does not deprive the district court of jurisdiction over a motion for sanctions under Federal Rule of Civil Procedure 11).

[7]*See also Travers v. Dragul (In re Travers)*, 202 B.R. 624, 625 (B.A.P. 9th Cir. 1996) ("To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment.").

> (1) from final judgments, orders, and decrees;
>
> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).[8]

The bankruptcy court order appealed from here is not a "final judgment, order, [or] decree," for purposes of Section 158(a)(1). Rather, it is an "interlocutory order" that requires "leave of the court" in order to proceed. To be clear, Horowitz does not seek to appeal the entirety of the underlying bankruptcy case, only the matters resolved by the September 29, 2016 Order relating to his Motion To Show Cause—whether Sulla violated the automatic stay, should be

---

[8]The repetition of the phrase "with leave of the court, from . . . interlocutory orders and decrees" in Section 158(a)(3) and again in the text immediately below appears to be an error introduced by the Bankruptcy Reform Act of 1994. *See In re Gugliuzza*, --- F.3d ---, 2017 WL 1101094, at *3 n.4 (9th Cir. Mar. 24, 2017) ("In the 1994 Act, Congress amended this provision to add the language of what is now § 158(a)(1)–(3), which includes the phrase: 'with leave of the court, from other interlocutory orders and decrees,' *see* Bankruptcy Reform Act of 1994, Pub. L. No. 103–394, § 102, 108 Stat. 4106, 4108. This redundancy does not affect the subsection's meaning.").

disqualified, and is subject to Rule 9011 sanctions.[9]   Because the September 29,

2016 Order is interlocutory, leave of court is required under Section 158(a)(3).

Under Federal Rule of Bankruptcy Procedure 8004(a), to appeal from an

interlocutory order of a bankruptcy court under Section 158(a)(3), a party must file

with the notice of appeal a "motion for leave to appeal."   *See* Fed.R.Bank.P.

8004(a)(2); *see also* Fed.R.Bank.P. 8004(b) (setting forth required contents of

motion for leave to appeal).   Horowitz did not file the required motion for leave to

appeal either with the notice or at any subsequent time.   Under Rule 8004(d),

however, "[i]f an appellant timely files a notice of appeal under this rule but does not

include a motion for leave, the district court or BAP may . . . treat the notice of

appeal as a motion for leave and either grant or deny it."   Because Horowitz timely

filed his Notice of Appeal on October 4, 2016, the Court, in its discretion, treats the

Notice of Appeal as a motion for leave pursuant to Rule 8004(d).

In considering whether to grant leave to appeal, courts generally "loo[k] to the

standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of

---

[9]The Court considers the issues addressed in both the bankruptcy court's September 29, 2016 Order Denying Debtor's Motion for Reconsideration, Bankr. No. 16-00239, Dkt. No. 150, and also the September 16, 2016 Memorandum of Decision on Debtor's Alleged Misconduct by Paul J. Sulla, Jr., Bankr. No. 16-00239, Dkt. No. 139.   *See In re JSJF Corp.*, 344 B.R. 94, 100 (B.A.P. 9th Cir. 2006) (Permitting appeal to be taken from both the order denying the motion for reconsideration and the underlying order even though the notice of appeal only designated the motion for reconsideration as the order from which the appeal was taken.).

interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001).[10]  The relevant question under Section 1292(b) is "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *Roderick*, 185 B.R. at 604.  Applying that standard here, the Court finds that leave to appeal is not merited.

First, Horowitz fails to show that the bankruptcy court orders involve a controlling question of law.  In fact, he falls short of making any showing that the orders involve a "question of law" at all.  *Cf. In re Novatel Wireless Secs. Litig.*, 2013 WL 6055270 (S.D. Cal. Nov. 19, 2013) (Observing that "a number of other courts have stated the term [question of law] means a 'pure question of law' rather than a mixed question of law and fact or the application of law to a particular set of facts.").  Further, under Ninth Circuit authority, a "controlling question of law" is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the [bankruptcy] court." *In re Wilson*, 2014 WL 122074, at *2 (N.D.

_____

[10]Because a bankruptcy adversary proceeding is akin to an ordinary federal civil action, when considering motions for leave to appeal interlocutory orders, district courts look to the standards set forth in 28 U.S.C. § 1292.  *See In re Belli*, 268 B.R. 851, 854–55 (B.A.P. 9th Cir. 2001).

Cal. Jan. 10, 2014) (citation omitted).   The issues raised by Horowitz's Motion To

Show Cause and Motion for Recon are merely collateral to the issues to be

determined in the underlying bankruptcy proceedings, which, in any event, have

since been dismissed without plan confirmation.   That is, whether Sulla violated the

automatic stay or should be disqualified from representing Hester would not

materially affect the outcome of Horowitz's Chapter 13 bankruptcy case.

Second, there is no serious question that the controlling law is clear and

well-established with respect to the issues raised in this appeal.   "To determine if a

'substantial ground for difference of opinion' exists under § 1292(b), courts must

examine to what extent the controlling law is unclear."   *Couch v. Telescope, Inc.*,

611 F.3d 629, 633 (9th Cir. 2010).   "Courts traditionally will find that a substantial

ground for difference of opinion exists where 'the circuits are in dispute on the

question and the court of appeals of the circuit has not spoken on the point, if

complicated questions arise under foreign law, or if novel and difficult questions of

first impression are presented.'"   *Id*.   The Court has located none of these possible

"substantial grounds" in the instant appeal.

Finally, it does not appear likely that granting leave will increase the chances

of a quick end to this litigation.   Rather, "an interlocutory appeal might well have

the effect of delaying [and prolonging] the resolution" of debtor's bankruptcy

proceedings. *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

Moreover, "[u]nder the final judgment rule, a party ordinarily must raise all claims of error in a single appeal following final judgment on the merits. This rule was designed to prevent piecemeal litigation, conserve judicial energy and eliminate delays caused by interlocutory appeals." *In re Eleccion*, 178 B.R. at 809 (citations omitted). "Under the practical test of finality used in the context of bankruptcy proceedings, the need for immediate review, rather than whether the order is technically interlocutory, is emphasized." *In re Eleccion*, 178 B.R. at 809 (citations omitted). As no final decree or judgment has entered in the Chapter 13 case, and there is no ostensible need for immediate review of this matter, leave to file an interlocutory appeal pursuant to Section 158(a)(3) and Bankruptcy Rule 8004 is DENIED.

## II.    No Other Bankruptcy Orders Are Properly Before The Court

Although not entirely clear based upon the voluminous pleadings, to the extent Horowitz seeks to appeal certain additional bankruptcy orders not listed in the Notice of Appeal (Dkt. No. 1)—including the bankruptcy court's September 16, 2016 Memorandum of Decision Regarding Plan Confirmation, *see* Bankr. No. 16-00239, Dkt. No. 138; or its September 19, 2016 Order Denying Confirmation and

Dismissing Case, *see* Bankr. No. 16-00239, Dkt. No. 143—the appeal is without

leave of court, untimely and/or premature, and the Court is without jurisdiction over

these matters.

First, Horowitz did not list any other orders in his Notice of Appeal.[11]  He

did, however, attach several other orders as Exhibits to the Notice of Appeal,

including the bankruptcy court's September 19, 2016 Notice of Dismissal of the

Chapter 13 case.   *See* Civ. No. 16-00549, Dkt. No. 1-1, Ex. 4.   His Designation of

Record on Appeal also expressly states that Horowitz appeals from:

> the U.S. Bankruptcy Court in Honolulu, Hawaii, and the
> Honorable Judge Robert J. Faris's MEMORANDUM OF
> DECISION ON DEBTOR'S ALLEGED MISCONDUCT BY
> PAUL J. SULLA, JR. of September 16, 2016 (Exhibit 1; Dkt #
> 139); and the court's simultaneous filing of MEMORANDUM
> DECISION REGARDING PLAN CONFIRMATION (Exhibit
> 2, Dkt #138) based substantially on the alleged misconduct of
> Mr. Sulla; and ORDER DENYING DEBTOR'S MOTION TO
> RECONSIDER (Exhibit 3, Dkt # 150) filed by the court
> September 29, 2016.

Civ. No. 16-00549, Dkt. No. 3-3 at 2 (emphasis added).   The September 16, 2016

Memorandum of Decision Regarding Plan Confirmation, however, was not attached

---

[11]As noted previously, the Court considers the issues addressed in both the bankruptcy court's
September 29, 2016 Order Denying Debtor's Motion for Reconsideration, Bankr. No. 16-00239,
Dkt. No. 150, and also the September 16, 2016 Memorandum of Decision on Debtor's Alleged
Misconduct by Paul J. Sulla, Jr., Bankr. No. 16-00239, Dkt. No. 139, even though the Notice of
Appeal only designated the date of the Order Denying Debtor's Motion for Reconsideration.   *See*
*In re JSJF Corp.*, 344 B.R. 94, 100 (B.A.P. 9th Cir. 2006).

to the Notice of Appeal, as required by Rule 8003(a)(3)(B). Even assuming that appeals of these orders could be taken as of right under Rule 8003—without leave of court—Horowitz failed to list them on his October 4, 2016 Notice of Appeal, as required by Rule 8003(a)(3). *See In re Clark*, 2014 WL 5646640, at *6 (B.A.P. 9th Cir. Nov. 4, 2014), *aff'd*, 662 F. App'x 544 (9th Cir. 2016) ("[T]he appellant is required to designate in the notice of appeal the specific judgment or order appealed from in the particular concerned case.").[12]

Second, under Federal Rule of Bankruptcy Procedure 8002(a), Horowitz had fourteen days from the entry of a final order or judgment in which to file a notice of appeal.[13] To the extent he seeks to appeal either the September 16, 2016

---

[12] "[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988). This liberal principle of construction is not without limits, however, and does not excuse noncompliance with the rules, especially here, where nothing listed in the Notice of Appeal gives any indication that Horowitz sought to appeal any order relating to the plan confirmation in the Chapter 13 case. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *In re Clark*, 2014 WL 5646640, at *6–*7.

[13] Rule 8002(a) states in relevant part:

(1) Fourteen-day period
Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.

(2) Filing before the entry of judgment
A notice of appeal filed after the bankruptcy court announces a decision or order--but before entry of the judgment, order, or decree--is treated as filed on the date of and after the entry.

Memorandum of Decision Regarding Plan Confirmation or the September 19, 2016

Notice of Dismissal, his appeal was not filed within fourteen days thereof and is

untimely. "[T]he failure to timely file a notice of appeal is a jurisdictional defect

barring appellate review." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007)

(citation and quotation marks omitted); *see also In re Mouradick*, 13 F.3d 326, 327

(9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the

untimely filing of a notice of appeal deprives the appellate court of jurisdiction to

review the bankruptcy court's order.").[14]

Accordingly, the Court is without jurisdiction to consider any additional

bankruptcy court orders not properly before it on appeal.

## III.   **Summary**

Having considered the relevant district court record (Civ. No. 16-00549), the

Chapter 13 bankruptcy record (Bankr. No. 16-00239), and Adversary Proceeding

---

[14]On the other hand, to the extent he seeks instead to appeal the entirety of the Chapter 13 case, his appeal appears premature. "A final judgment is one that fully adjudicates the issues before the court and 'clearly evidences the judge's intention that it be the court's final act in the matter.'" *In re Nguyen*, 2010 WL 6259976, at *6 (B.A.P. 9th Cir. Apr. 12, 2010) (quoting *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990)). As of the date of this Order, judgment has not entered in the Chapter 13 bankruptcy proceeding, Bankr. No. 16-00239. Also, although the trustee filed a Final Report and Account pursuant to 11 U.S.C. § 1302(b)(1) and Rule 5009, there has been no final decree entered discharging the trustee. *See* 1/5/17 Trustee's Final Report & Account, Bankr. No. 16-00239, Dkt. No. 169.

record (Adv. No. 16-90015), the Court concludes that the instant interlocutory appeal should be dismissed.[15]

## CONCLUSION

Based on the foregoing, Appellees' Motion to Dismiss is hereby GRANTED. Dkt. No. 12.   The Clerk's Office is directed to close the case.

IT IS SO ORDERED.

DATED:   April 11, 2017 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

Horowitz v. Sulla *et al*.; Civil No. 16-00549 DKW-KSC; **ORDER DISMISSING APPEAL**

---

[15]Because the Court dismisses this appeal as interlocutory, it does not reach the balance of the issues raised in Appellees' Motion to Dismiss.